# P. C. ELLIS v. STATE.

No. A-5938.   Opinion Filed Oct. 22, 1927.
(260 Pac. 93.)

P. C. Ellis, appellant,

244

G. W. Young testified:

J. F. Thomas, for plaintiff in error.

George F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J. (after stating the facts as above). The overruling of the demurrer to the information is assigned as error.

Under the provisions of our Code (sections 2556 and 2564, C. S. 1921), the true test of the sufficiency of an information is not whether it might possibly have been made more certain, but whether it contains every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet.

In Bivens v. State, 6 Okla. Cr. 521, 120 P. 1033, it is held:

"Where, in an indictment for larceny, the property is charged to have been taken by fraud, it is not necessary

to set out the fraudulent acts relied upon as constituting the fraud."

In our opinion, the information sufficiently charges the crime of larceny and the demurrer thereto was properly overruled.

The only other assignment of error is that the verdict is contrary to the law and the evidence. In the oral argument and brief it is contended that if the proof shows that the defendant is guilty of anything, it is that he is guilty of the commission of the crime of robbery, and not the crime of larceny.

After an examination of the record we find that the testimony for the state shows that the defendant used force and violence to retain possession of the stolen property after it had been taken by fraud from George Young.

In the case of Monagham v. State, 10 Okla. Cr. 89, 134 P. 77, 46 L. R. A. (N. S.) 1149, this court held:

"To constitute 'robbery,' as distinguished from 'larceny from the person,' there must be force, violence, or intimidation in the taking. Therefore, where there is no evidence tending to show that the defendant obtained or retained the personal property alleged to have been taken by force or violence or by putting in fear, the crime is grand larceny, and not robbery, and a verdict of guilty of robbery in the first degree is contrary to law and the evidence.

"Merely snatching the property from the person of another, without violence or putting in fear, is not robbery, except where there is some injury or violence to the person of the owner, or where the property snatched is so attached to the person or clothes of the owner as to afford resistance.

"The force and violence which is essential to the crime of robbery must be concomitant with the taking of property from the person of another."

If the owner of personal property parts with the possession of the same for a particular purpose, and the per-

son who receives the same avowedly for that purpose has a fraudulent intention to make use of the possession as a means of converting such property to his own use, and does so convert is, the crime is larceny.

It was the peculiar province of the jury to pass upon the credibility of the witnesses, and under the settled rules of this court, we cannot disturb the verdict of the jury, where there is any substantial evidence to support it.

Our conclusion is that the defendant had a fair trial, and, finding no prejudicial error in the record, the judgment of the lower court is affirmed.

EDWARDS and DAVENPORT, JJ., concur.