# HOWARD A. TUCKER v. STATE.

No. A-5572. Opinion Filed May 4, 1929.

(277 Pac. 286.)

See, also, 42 Okla. Cr. 204, 275 Pac. 382.

J. I. Howard, A. M. Beets, O. K. Wetzel, and Simpson & Ditto, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma County on a charge of criminal libel, and was adjudged to pay a fine of $100.

Defendant at the time charged was editor of "The Record," a paper then published at Oklahoma City. There was published therein a news item entitled: "Mule Kick

Puts Klan Sheriff in Hospital." The item then states that the sheriff, Tom Cavnar, has been in the hospital several days as a result of injuries sustained in a personal encounter between him and County Attorney, J. K. Wright, in which Wright is said to have kicked the sheriff in the stomach. The item upon its face shows that it is based upon rumor afloat in the community, and states that the county attorney denies that he kicked the sheriff. The information alleges that the item published is false and is a libel of said Tom Cavnar, and exposes him to public hatred, contempt, ridicule, and obloquy.

It is first contended that the publication is not libelous in that it does not expose any person to public hatred, contempt, ridicule, and obloquy as libel is defined by section 1800, Comp. Stat. 1921. Since no innuendo, colloquium, or explanatory circumstances are alleged, the item must be defamatory on its face within the definition of criminal libel as set out in section 1800, supra, in order to charge an offense. That is, it must be libelous per se. It is extremely doubtful if the publication is libelous upon its face.

It is next argued that the court erred in refusing to admit testimony offered by defendant that it was current rumor throughout the community that a personal encounter had taken place between Cavnar and Wright as stated in the item published. The information charges that the publication is malicious. The publication purports to state a current rumor, and, being such, it was competent for defendant to show the source of information upon which he relied as a basis for the publication, not as proving the truth of the matter published but in order to show an absence of malice. 37 C. J., p. 155, § 699, note 70; State v. Greenville Pub. Co. et al., 179 N. C. 720, 102 S. E. 318; Humbard v. State, 21 Tex. App. 200, 17

S. W. 126; McMahan v. State, 13 Tex. App. 220; People v. Glassman, 12 Utah 238, 42 Pac. 956.

Complaint is next made that the court erred in his instruction No. 7. This instruction in substance tells the jury that if they find the publication was made as alleged, and find "that it tends to expose the said Tom Cavnar to public hatred, contempt, ridicule, and obloquy, and that said article published as aforesaid is false and untrue, and tends to deprive said Tom Cavnar of public confidence, and to injure him in his capacity as sheriff of Oklahoma county," then they should find the defendant quilty. The statute defining libel requires that a publication, in order to constitute libel, shall be a false or malicious unprivileged publication, "* * * which exposes any person, * * * " etc. Under instruction 7 the jury may convict for a publication which merely "tends" to expose a person to public hatred, contempt, ridicule, or obloquy, while the statute requires that it shall in fact "expose" him. The distinction probably is not great between a publication which tends to expose one and one which in fact exposes one to a certain result. But where an offense is defined by statute, the court in instructing the elements of an offense should do so in the terms of the statute, or by words of similar import.

For the reasons assigned, the case is reversed and remanded, with instructions to dismiss.

DAVENPORT and CHAPPELL, JJ., concur.