JEFF D. SEXTON v. STATE.

No. A-7031. Opinion Filed Nov. 19, 1930.
On Rehearing Jan. 6, 1931.
(294 Pac. 652.)

Jess L. Ballard, and E. B. Hunt, for plaintiff in error.

Edwin Dabney, Atty Gen., and P. K. Morrill, Asst. Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Craig county of aiding a felon, and was sentenced to serve a term of one year in the state penitentiary.

This is a companion case to No. A-7022, McGhee v. State, 49 Okla. Cr. 387, 294 Pac. 649, just decided. The information in that case is the same as in the instant case. What was there said as to the sufficiency of the information, the statement of facts, and the matters proven are applicable in this case. The evidence on the part of the state in this case is substantially the same as in the McGhee Case. Defendant did not take the stand, and offered no testimony. No explanation is made of his acts, nor his failure to make a record of the proceedings by which the

custody of White, the fugitive, was obtained. No material error is made to appear.

The case is affirmed.

### On Petition for Rehearing.

Plaintiff in error in his petition for rehearing earnestly contends that the statute upon which the prosecution is based, section 1621, Comp. Stat. 1921, is unconstitutional. This was not urged in the briefs in the first instance, so was not discussed in the opinion. The statute has been treated as a valid statute in the Cole Case, the Franks Case, and the Huckaby Case, cited in the opinion. We are not impressed with argument now made that the statute is void. It is not in conflict with the federal or the state Constitution, and is valid.

DAVENPORT and CHAPPELL, JJ., concur.