# L. L. BARFIELD v. STATE.

No. A-9746.   Feb. 6, 1941.

(110 P. 2d 316.)

W. M. Hall, of Claremore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, L. L. Barfield, was by information charged in the county court of Rogers county with engaging for money, without a license, in a certain veterinary practice on October 27, 1937, was tried, convicted, and sentenced to pay a fine of $50 and costs, from which judgment and sentence he appeals to this court.

196

The defendant makes two contentions:

(1) That the information was insufficient under the statute.

(2) That the court erred in his instructions to the jury.

This action was brought under article 34, sec. 12, p. 104, Session Laws of 1936-1937, 59 Okla. St. Ann. § 687:

"It shall be unlawful for any person, * * * not licensed as provided in this act, * * * to prescribe or apply any drug or medicine, or administer preventive treatment of any livestock, to perform any operation for the treatment, relief, or cure of any sick, diseased, or injured animal, for commercial purposes * * *."

The information, in part, is as follows:

"* * * L. L. Barfield did then and there willfully and unlawfully engage in prescribing and doctoring sick and injured live stock by administering to a certain domestic animal belonging to Frank M. Adams, and did then and there receive and take lawful money of the United States for the treatment of said domestic animal of the said Frank M. Adams, he, the said L. L. Barfield, then and there well knew that he did not have and own a license and certificate of the State of Oklahoma to practice veterinary medicine and surgery as prescribed by the laws of the State of Oklahoma. * * *"

From the wording of that part of the statute with which we are here concerned, it seems to us that in order for a person to be held for violation of said part of the statute, it is necessary for him to be charged with (1) not having a license, and (2) acting for commercial purposes, and (3) (a) prescribing any drug or medicine for any live stock, or (b) applying any drug or medicine to any live stock, or (c) administering preventive treatment to any live stock, or (d) performing any operation for the treat-

ment, relief, or cure of any sick, diseased, or injured animal.

Having taken this view, it is necessary that the information state, specifically or, in other words, conveying the same meaning, that some drug or medicine was prescribed or used in connection with the animal or that an operation was performed on an ailing animal in order for said information to charge sufficiently a person under that part of the statute.

"Words used in a statute to define a public offense need not be strictly pursued in the information, but other words conveying the same meaning may be used." Sweat v. State, 69 Okla. Cr. 229, 101 P. 2d 648.

This information does not employ the word "drug", "medicine", or "operation". It does use the words "doctor", "administer", and "prescribe". These words as defined in Webster's New International Dictionary, 1910 Ed., are as follows:

"doctor * * * v. t. * * * 2. To treat as a physician does; to apply remedies to; to repair; as, to doctor a sick man or a broken cart. Colloq."

"administer * * * v. t. * * * 3. To apply, as medicine or a remedy; to give, as a dose or something beneficial or suitable * * *."

"prescribe * * * v. t. * * * 3. Med. To direct, designate, or order the use of as a remedy; as, the doctor prescribed quinine."

In Staley v. State, 64 Okla. Cr. 302, 79 P. 2d 818, this court held:

"The courts of this state have never been favorable to technical construction of the statutes, and informations and indictments filed thereunder."

This court will place a liberal construction upon informations; but at all times the rights of the defendant must be protected.

In Feige v. State, 11 Okla. Cr. 49, 142 P. 1044, the court was asked to construe an information which charged the defendant did "unlawfully and willfully prescribe for, furnish medicine to, and treat one Cornelius A. Prohl, for compensation." This action was brought under a statute making it unlawful for a person, without a certificate and for compensation, to practice medicine. Persons in the practice of medicine were defined as those who "prescribe or administer any drug or medicine * * * included in materia medica in the treatment of disease."

The court held that:

"The information on its face is wholly insufficient. It should have charged, among other things, the administration of some drug included in materia medica in the treatment of diseases, etc. * * *"

Since the court was of the opinion that the drug or medicine used must necessarily be one included in materia medica, the information was fatally defective for the reason that an essential element of the charge was omitted.

In the case at bar, this court must decide whether or not the words "prescribing and doctoring sick and injured livestock" and "administering to a certain domestic animal" conveys the meaning of prescribing or applying drugs or medicines to livestock. Upon a strict construction, the words do not mean essentially either the prescribing or applying of drugs or medicines; but in common parlance, and to all but those of the most technical mind, they certainly do convey the meaning that drugs or medicines were prescribed or applied.

The exact words of the statute defining a crime need not be used in the information charging it, but any words clearly and intelligently setting forth the offense are sufficient. Sparkman v. State, 67 Okla. Cr. 245, 93 P. 2d 1095.

In Ellis v. State, 38 Okla. Cr. 243, 260 P. 93, the court held:

"The true test of the sufficiency of an information is not whether it might possibly have been made more certain, but whether it alleges every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet."

This court said in Scott v. State, 40 Okla. Cr. 296, 268 P. 312:

"An information is sufficient which informs an accused of the offense with which he is charged with such particularity as to enable him to prepare for his trial, and so defines and identifies the offense that, if convicted or acquitted, he will be able to defend himself against any subsequent prosecution for the same offense."

We think that the information could have been drawn in better form, but are of the opinion that it sufficiently charged the defendant under the statute.

The proof on the part of the state showed that the defendant treated a mare belonging to one Frank Adams; that the mare had sleeping sickness. The defendant treated her by vaccination and received $6 for the first treatment. A few days later, the defendant opened the mare's neck and gave her further treatment, and was paid $3 for the second treatment. The mare later died.

The proof further showed by the secretary of the Board of Examiners of Veterinarians that the defendant was not licensed as a veterinarian and never had been; that he had taken the examination eight times and had failed to pass.

No evidence was offered by the defendant.

The trial court, in his instructions to the jury, used the words of the statute in defining the offense. Since we now hold that the information, although not in the exact

words of the statute, is in words of similar import, the trial court did not err in using the words of the statute in his instructions.

In Shepherd v. State, 51 Okla. Cr. 209, 300 P. 421, 422, this court stated:

"The instructions of the court should conform to the charge in the information and the defense interposed and to the testimony in the case."

In Tucker v. State, 43 Okla. Cr. 92, 277 P. 286, it was held:

"An instruction defining a statutory offense should be in the terms of the statute or in words of similar import."

Finding no errors, the case is accordingly affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.