George E. WALTERS, Appellant,

v.

BUILDING MAINTENANCE SERVICE, Inc., Appellee.

No. 15070.

Court of Civil Appeals of Texas.

Dallas.

April 27, 1956.

Rehearing Denied June 1, 1956.

Johannes & Kelsoe, and Paul Thorp, Dallas, for appellant.

Biggers, Baker, Lloyd & Carver, and Joe W. Matthews, Dallas, for appellee.

CRAMER, Justice.

Appellee Maintenance Service filed this suit against appellant Walters and others asserting a wrongful appropriation by Walters of the trade name or slogan, "Your House Doctor," which appellee asserted it had been using in the metropolitan area of Dallas for many years prior to appellant's use of his trade name or slogan, "The House Doctor."

On trial before the court without a jury, the judge filed findings of fact in substance as follows: (1) Maintenance Service has been engaged in the business of home and residential repair and reconstruction service in Dallas County since 1936; (2) since 1945 it has been using in said business and in advertising, the phrase "House Doctor"; (3) since 1945 Maintenance Service has continuously used the symbol of a man carrying a doctor's bag with the phrase "House Doctor" inscribed thereon in connection with its business, advertising, and sales; (4, 5, 6) That both the phrase and the symbol, singly and/or severally, are unique and not descriptive of the business carried on by Maintenance Service, Inc.; (7, 8, 9) that the use of the phrase "House Doctor" and the use of such symbol by Maintenance Service in connection with its business in Dallas County for over ten years has been such that the phrase "House Doctor" and such symbol, and such phrase and symbol together, now possess a secondary meaning; (10) that Walters has been engaged in the business of home and residential repair and reconstruction work and business in Dallas County since September 1954, and is in direct competition with Maintenance Service; (11) and is using "House Doctor" in its business, ad-

vertising, and selling; (12) and has been using the symbol of a man carrying a doctor's bag with the phrase "H. D." inscribed thereon in connection with its business, advertising, selling, etc.; (13) that Maintenance Service created, adopted, and appropriated the phrase "House Doctor" and the symbol approximately ten years before Walters began using the phrase "House Doctor" and the symbol in question; (14) that because of a substantial similarity between the phrases and the symbols used by Maintenance Service and Walters, a person using such care as the public in general may be expected to exercise, would, by mistake, deal with Walters when he intended to deal with Maintenance Service; (15, 16, 17) that the phrase used by Walters is so substantially similar to that used by Maintenance Service that it creates the false impression that Maintenance Service and Walters are one and the same business concern; (18) and likely to lead ordinary and unsuspecting persons to believe they are one and the same business concern; (19, 20) such as to be calculated to mislead an ordinary purchaser; (21) and the similarity between the phrase "House Doctor" and the symbol in question, used together, is such as to be calculated to mislead an ordinary person; (22) and likely to divert the business of Maintenance Service to Walters because of such similarity; (23) such infringement or wrongful use of the phrase "House Doctor" and the symbol by Walters et al. has damaged Maintenance Service; and (24) unless Walters is enjoined from using the phrase "House Doctor" and the symbol in question, Maintenance Service will continue to suffer damages.

The trial court's conclusions of law were, in substance: (1) That as a result of its prior use and appropriation of the phrase and symbol in question, Maintenance Service acquired the right to the exclusive use of such phrase and symbol in the metropolitan area of Dallas; (2) the phrase "House Doctor" is the trade name of Maintenance Service; (4) that as a result of such adoption, use, and appropriation of such phrase and symbol in its business and advertising,

separately and together, they have come to have a secondary meaning and synonymous with Maintenance Service to the general public throughout the metropolitan area of Dallas County; (5) that the wrongful appropriation and use of the phrase "House Doctor" by Walters constitutes infringement on the trade name of Maintenance Service and a deception and fraud upon the public, in that same has confused and is confusing the general public in the area; (6) such wrongful appropriation and use of the symbol constitutes an infringement on the trade-mark and a deception and fraud upon the public; (7) such wrongful appropriation and use of such phrase and symbol together constitutes an infringement, deception and fraud upon the public; and (8) constitutes unfair competition.

Appellant Walters briefs ten points of error, in substance error: (1–2) In failing to hold that the term "House Doctor" as used in Maintenance Service's business of house repairing and descriptive thereof, is incapable of being appropriated exclusively by Maintenance Service to the exclusion of Walters; and (3) in holding the words "House Doctor" had acquired a secondary meaning so as to have become synonymous in the mind of the public with Maintenance Service's business; (4) in holding the picture or symbol used by Walters is so substantially similar to the symbol used by Maintenance Service in its business as to be calculated to mislead an ordinary person; (5) in holding that a false impression that the parties hereto are one and the same concern, is created by reason of the similarity of the two figures and symbols of the parties in their separate businesses; (6) in holding Walters' use of the phrase "House Doctor" and the picture have and will damage Maintenance Service; (7) in holding Walters' use of "House Doctor" and the picture involved constitutes unfair competition; (8) in holding "House Doctor" as used by Maintenance Service is its trade name and trade-mark; (9) in failing to hold "House Doctor" as used by Maintenance Service is merely a descriptive advertising slogan.; (10) in failing to hold Maintenance Service had abandoned the use of

"House Doctor" as a trade-mark and trade name and/or advertising slogan as of the time the above cause of action was originally filed.

Appellee counters with seven counterpoints, in substance: (1) An affirmance of the trial court's judgment is mandatory, findings of fact 6, 9, 14, 18, and 21, and conclusion of law 7, not having been assigned as error; (2) the trial court did not err in holding that the trade-mark in question was unique and not descriptive of appellee's business; (3) in holding that the words "House Doctor" had acquired a secondary meaning; (4) in holding that the symbol used by Maintenance Service and the symbol used by Walters are so substantially similar as to be calculated to mislead an ordinary person and cause a false impression that the business of Maintenance Service and the business of Walters are one and the same; (5) in holding Walters' use of Maintenance Service's trade-mark constitutes unfair competition; (6) in refusing to hold that Maintenance Service had abandoned the trade-mark in question; and (7) in holding Maintenance Service had been and will continue to be damaged by Walters' use of its trade-mark.

All points and counterpoints will be considered together; and since they involve the question of sufficiency of the evidence, such evidence must be reviewed.

The first witness, Edward G. Lambert, testified he is in the building and maintenance and repair business,—Building Maintenance Service, Inc. He has been president of the Company since it was chartered in 1936. It makes general repairs to all buildings, large or small, industrial or residence; also does electrical and plumbing repairs; holds a master plumber's license in the Cities of Dallas, Highland Park and University Park; repairs broken doors, broken window cords, window glass, and "just about everything there is to do with reference to repairing a house; nothing is too small or too large." Before and up to the incorporation of Building Maintenance Service, Inc., he did business from 1931 in Dallas. In 1945 the corporation adopted the slogan "Your House Doctor" and the emblem, as follows:

*Your House Doctor*

**BUILDING MAINTENANCE SERVICE, Inc.**
**2241 Butler St.**       **Lakeside 5168**
**DALLAS, TEXAS**

Lambert testified that above slogan and emblem were and have been used on invoices, post cards, circulars, business cards, newspaper advertising, in telephone directory yellow pages, and on uniforms of its employees. For several years he had continuous radio programs over WFAA; also some over KGKO. And he had it on repair trucks and on sales letters sent out periodically; each time with the added wording, "Building Maintenance Service, Your House Doctor"; usually with the added statement, "23 Years in Dallas," or like language in giving phone numbers, addresses, etc. The same information was given on the radio programs at intermissions. That he always had Building Maintenance listings in the Yellow Section, Dallas Telephone Directory, under the title "House Doctor," but discontinued it when objected to by the Dallas County Medical Society as causing confusion; and because while such listing was used he received calls from medical doctors as Dr. House at times. Building Maintenance Service has been, and is, prepared to go in answer to any call in the metropolitan area of Dallas County; it operates eighteen trucks and two passenger vehicles; all the trucks have the emblem, etc., on them; and although most of the repairs are commercial work, he also does repairs on homes and other

houses. On cross-examination he stated that he started to use the name or slogan in 1935; he never called his business by the name "Your House Doctor"; used it as a phone listing only one year (1950); mailed out circulars, letters, cards, etc., from time to time, about 2,000 each month, all using the emblem above described. The radio programs would usually have three business announcements each, which, among other wording, used "Your House Doctor" in connection with the firm name. No one else other than Building Maintenance and Walters have used the slogan in Metropolitan Dallas so far as he knows. On re-direct, that he has never registered the slogan or symbol with the Secretary of State, or other government office. He also testified about inquiries by people as to when he closed his offices, etc., after Walters' ads, etc., began; also that there are times when he does not use the man with the doctor's bag,—just "Your House Doctor" in his ads, etc., and in small ads the wording is always small on the doctor's bag; that he had used the wording "Your House Doctor" both on the doctor's bag in the picture, and at times alone, during all the years from 1945 to date.

Walters testified in substance that he had thought of the name "The House Doctor" as a slogan sometime before he first began using it—about September 1954; in November 1954 he sold the business to Thompson; at that time he was using the slogan in Fort Worth; he did not then know of the use of the slogan by Maintenance Service and had no such knowledge when he moved to Dallas; that his business "is a service set up primarily for minor home repairs. These trucks are equipped with all material and tools it takes to do a minor home repair. We consider minor home repairs anything that would involve materials such as replacing broken window glass, a dragging door, a sash cord, and all of the minor things that are hard to get done by many general contractors." Walters has three trucks fully equipped to do the advertised work and one man and a helper on each truck; he designed his own drawing

of the man he used with the doctor's bag with "H.D." thereon; he spent in excess of $10,000 on equipment, advertising, fixtures, etc., before he had knowledge of Maintenance Service's use of the slogan "Your House Doctor." He looked in the phone book, City Directory, and all newspapers and saw no ad of any kind at any place listing the name "Your House Doctor" or "The House Doctor." He spent $1,500 for advertising prior to November 2. He operated the business as the sole proprietor under the name "The House Doctor," and filed it as an assumed name with the County Clerk of Dallas County. His first ad appeared November 1st, and he received a letter from Maintenance Service's attorney November 4[1]

Walters further testified that there was another business operating in Dallas County, at Garland, using the name "The House Doctor" under a franchise from an Oklahoma firm who had the same registered in 1954. He knew nothing of the Garland business when he first came to Dallas; he had not personally seen the sign or slogan used in Garland.

Walters' emblem, etc., were as follows:

17726

**THE HOUSE DOCTOR**

1. This suit was filed November 12, 1954.

Larry Thompson, a witness for Walters, and a party in the proceeding in District Court, testified that he resides in Garland and now operates in Dallas; that he operated in Garland under the name "The House Doctor"; that he acquired the business from George E. Walters October 28, paying therefor a consideration of $18,-000,—$3,000 cash and a note for the balance. At the time of his purchase of the business from Walters he checked the newspapers, phone directory, criss-cross, and was unable to find any reference to the slogan "The House Doctor" or "Your House Doctor"; that Walters assigned him the right to use such slogan; he had not, to the best of his knowledge, before said purchase, observed trucks using the slogan "Your House Doctor." He would not say they were not there.

Four other witnesses testified that they were either in the same line, or were workmen in the same line, as was Business Maintenance Service, and they did not know of the Business Maintenance Service, Inc., being known as "Your House Doctor."

Under the record, Building Maintenance Service, Inc., had used the drawings, picture, slogan, etc., some nine or ten years before Walters adopted his drawings, phone listing, etc. Walters' drawings, in our opinion, were such that persons of ordinary prudence would be and were misled thereby and made to believe they were the insignia of one and the same business establishment. The trial court's findings of fact numbered 6, 9, 14, 18, and 21, set out in substance above, are therefore sustained by the evidence.

■ As stated in 3 Am.Law Institute, Restatement of the Law, on page 558, sec. 716: "A trade name is any designation which (a) is adopted and used by a person to denominate goods which he markets or services which he renders or a business which he conducts, or has come to be so used by others, and (b) through its association with such goods, services or business, has acquired a special significance as the name thereof, and (c) the use of which for the purpose stated in Clause (a) is prohibited neither by a legislative enactment nor by an otherwise defined public policy." At page 560 it is stated that there is no requirement of affixation with reference to trade names; and on page 562, that: "(1) One infringes another's trade name, if (a) without a privilege to do so, he uses in his business, in the manner of a trade-mark or trade name, a designation which is identical with or confusingly similar to the other's trade name, though he does not use the designation for the purpose of deception, and (b) the other's interest in his trade name is protected with reference to (i) the goods, services or business in connection with which the actor uses his designation, and (ii) the markets in which the actor uses his designation. (2) One infringes another's trade-mark, if (a) as applied to the other's trade-mark, the conditions stated in Subsection (1) are satisfied, and (b) the other's use by affixation of his trade-mark is prior to such use by the actor of his designation, and (c) the other's trade-mark is not a clear likeness of a third person's prior and subsisting trade-mark or trade name in substantially the same market for the same or clearly related goods."

■■ The remedy in this type of case is to prohibit one from marketing his goods or services as those of another by a designation confusingly similar to the trade name of another, if prospective customers, purchasers, or users of the services are reasonably likely to regard it as indicating the source identified by the trade-mark. Here the evidence sustained the finding of conflict to such an extent as to justify such a finding of fact. But Walters asserts that the name "Your House Doctor" or "The House Doctor" was not subject to exclusive use as a trade name or trade-mark; citing Alff v. Radam, 77 Tex. 530, 14 S.W. 164, by our Supreme Court, where the Court held that: "A yellow label, with a black border, containing the words 'microbe destroyer,' without any device or symbol, is not a fraudulent imitation of a white label of different size, with a red border, containing the words 'microbe killer,' together with

the picture of a man striking a skeleton with a bludgeon."

Also, in 41-A Tex.Jur. 424, it is stated that "Words or phrases cannot be appropriated as a trade-mark where they are in common use and merely indicate the character, quality, or composition of an article, or designate a trade or occupation. Words in common use are common property of the people, and no exclusive right to the use of such words can be acquired by adopting them as a trade-mark, unless they be used in an arbitrary or fanciful sense and not in their ordinary signification."

■ In our opinion, giving an arbitrary or fanciful meaning to this combination of words, "The House Doctor" or "Your House Doctor," it could be applied in such a meaning to a house repair man or carpenter. In Barfield v. State, 71 Okl.Cr. 195, 110 P.2d 316, at page 317, the Criminal Court of Appeals of Oklahoma, stated:

"This information does not employ the word 'drug', 'medicine', or 'operation'. It does use the words 'doctor', 'administer', and 'prescribe'. These words as defined in Webster's New International Dictionary, 1910 Ed., are as follows: 'doctor * * * v.t. * * * 2. To treat as a physician does; to apply remedies to; to repair; as, to doctor a sick man or a broken cart. Colloq.'  'Administer * * * v.t. * * * 3. To apply, as medicine or a remedy; to give, as a dose or something beneficial or suitable * * *.' "

"Doctor", is defined in The New Century Dictionary as follows: "A teacher * * *; also a man of great learning * * *; a sage; also a person who has received the highest degree conferred by a faculty of a university; the academic title possessed by such a person, orig. implying qualification to teach; also a person licensed to practice medicine, or some branch of medicine; a physician; a surgeon; also, a cook as on shipboard; also, any of various mechanical contrivances for particular purposes; a donkey-engine; a kind of artificial fly for angling; a false or loaded die (old slang)."

The term here used "The House Doctor," when applied to one who repairs houses, is a fanciful description of one who repairs houses; and, having acquired such a secondary meaning within the trade territory of the City of Dallas, was entitled to protection as a trade name of Building Maintenance Service, Inc.

"Secondary Meaning," so far as we can find, has not been defined by our Texas Courts. However, it does have a clear and special meaning in the law. See 38 Words and Phrases, Secondary Meaning, 428 and the Pocket Part thereto. The case here, in our opinion, is controlled by the holding in Marshall Mfg. Co. v. Verhalen, Tex.Civ. App., 163 S.W.2d 665, error expressly refused by our Supreme Court; Plaza Co. v. White, Tex.Civ.App., 160 S.W.2d 312; Burge v. Dallas Retail Merchants Ass'n, Tex.Civ.App., 257 S.W.2d 733.

In the Burge case, by this Court, Chief Justice Dixon stated that priority of adoption and use of trade names confers a superior right to the use thereof, and that the prior user may restrain its use by another, though the latter may register the name in assumed name records.

Here, the secondary meaning being supported by evidence, it is, in our opinion, subject to protection against one who thereafter adopts and is using the same in such manner as to conflict with its use by Building Maintenance Service, and such conflict has in the past and will, in our opinion, in the future continue to conflict to such an extent as to lead members of the public to believe they are dealing with Maintenance Service when they telephone or otherwise call on Walters when in need of such services.

Neither can we hold from the record here that Maintenance Service has abandoned the use of "House Doctor" as its trade name, trade-mark, or slogan.

Points 1 to 10, inclusive, are overruled and the judgment of the trial court, for reasons stated, is

Affirmed.