Cody McCLENDON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12465.

Criminal Court of Appeals of Oklahoma.

Dec. 11, 1957.

W. A. Billingsley, Wewoka, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis Wallace, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Cody McClendon, hereinafter referred to as the defendant, was convicted of the crime of grand larceny and sentenced to the penitentiary for one year and one day. The complaint lodged against the defendant arose from the following circumstances as related by the transcript.

The defendant was engaged in the business of cleaning out septic tanks, receptacles, outdoor toilets, etc. On the day in question, he contacted the complaining witness, Lige Orr, with regard to cleaning out his outdoor privy. An agreement was made between Orr and the defendant. There is a conflict as to what the agreement amounted to. Orr contended defendant agreed to perform the job for a flat fee of $2 while the defendant argues it was $2 per foot. Nevertheless, the defendant claims Orr paid him voluntarily $10 while Orr insists the defendant grabbed his wallet and by force took from him $52 and hurriedly left the premises, thus the charge. This argument ensued after defendant had completed the job and was attempting to collect the money for the job. The complaining witness in support of state's proof, testified as follows:

"Q. After you and Cody McClendon started discussing the pay you say Ruby Hume went back out to the pickup? A. Uh-huh.

"Q. And left you two men by yourselves? A. Uh-huh.

"Q. Then what happened? A. He jerked my money out of my pocket book.

"Q. Did you offer to pay him $2.00? A. Yeah.

"Q. And what did he say? A. He wanted Forty Dollars.

"Q. He wanted Forty Dollars. A. Uh-huh. Me and him get in an argument and he said 'I ought to make you pay me $50.00.'

"Q. He said he ought to make you pay him $50.00? A. Uh-huh.

"Q. And what happened at that time? A. He jerked all my money out of my pocket book.

"Q. How much money did you have in your pocket book? A. $52.00.

"Q. $52.00? A. Uh-huh.

And he further testified on cross-examination:

"Q. (By Mr. Billingsley): Lige, he took that money away from you, didn't he? A. He jerked it out of my pocket book.

"Q. You had it in your pocket book and he snatched it away from you? A. Yeah.

"Q. You can't use that hand at all? A. No. Can't use it too much.

"Q. And he used whatever force was necessary to take it away from you? A. Yes.

"Q. And that's the way you tell this jury it happened? A. Yeah, when he got through I started to pay him, he jerked all my money out of my pocket book and walked out."

This constituted the state's proof as to the charge of grand larceny. There were other witnesses whose testimonies in behalf of the state went to circumstances surrounding the alleged crime, but would not

be helpful in deciding the question involved here.

The defendant sets forth two assignments of error. The first assignment contends that the preliminary complaint was fatally defective in failing to allege ownership of the property taken. The original complaint and the information upon which defendant was tried read as follows:

"That at and within the County of Seminole, State of Oklahoma, on or about the 6th day of August, 1954, and prior to the filing of this complaint, Cody McClendon, defendant herein, then and there being, did then and there, wilfully, unlawfully, stealthily, and feloniously and without the consent of the owner thereof, steal, take and carry away from the person of another, to-wit: Fifty-two ($52.00) Dollars in good and lawful money of the United States of America, by then and there taking hold of said Lige Orr and taking money from the bill-fold, with the unlawful and felonious intent then and there upon the part of said defendant to deprive the owner thereof permanently and to convert the same to his own use and benefit, and contrary to the form of the Statute in such cases made and provided, against the peace and dignity of the State of Oklahoma."

It is to be noted that the language in said information is rather awkward and other than inference and assumption, there is no specific allegation as to ownership. The language contained in said instrument could in no legal sense, constitute a model information but this court has heretofore adopted a most liberal rule in construing pleadings in criminal cases. The test of an indictment or information is not whether it could have been more certain but whether it alleges every element of an offense intended to be charged and sufficiently apprises defendant of what he must be prepared to meet. See Harry v. State, 58 Okl. Cr. 302, 58 P.2d 340.

This court said in McGhee v. State, 49 Okl.Cr. 387, 294 P. 649:

"Information enabling accused to prepare for trial and so defining offense that he will be able to defend against subsequent prosecution for same offense is sufficient."

See Sexton v. State, 49 Okl.Cr. 395, 294 P. 652; Burns v. State, 49 Okl.Cr. 396, 294 P. 653.

No doubt the information was adequate to advise the defendant of the crime with which he was charged as to permit him to adequately prepare his defense and was sufficient for him to successfully plead jeopardy against being prosecuted for the same offense again.

The defendant next contends that the information upon which the defendant was tried did not charge him with larceny from the person or grand larceny, but if anything, he was charged, and the proof showed the crime of robbery in the first degree; that is, robbery by force. We cannot agree with this contention in view of previous holdings of this court. This court said in Ellis v. State, 38 Okl.Cr. 243, 260 P. 93, 95:

"Merely snatching the property from the person of another, without violence of putting in fear, is not robbery, except where there is some injury or violence to the person of the owner, or where the property snatched is so attached to the person or clothes of the owner as to afford resistance."

A case directly in point is that of Monaghan v. State, 10 Okl.Cr. 89, 134 P. 77, 46 L.R.A.,N.S., 1149.

The court feels that grand larceny was the proper charge in the case at bar. In this connection it is well to refer to State v. Hatch, 63 Wash. 617, 116 P. 286, 287, which states:

" * * * Larceny is sustained by evidence which also establishes robbery.

\* \* \* \* \* \*

"That robbery is not included in grand larceny will be conceded by all, but that does not disturb the reason for holding that evidence of robbery establishes grand larceny, whether it be on the ground that the greater includes the less, or that the state may waive the greater crime and only charge and ask conviction upon the lesser."

After a careful review of this case the court finds no error to justify reversal, and it is therefore affirmed.

BRETT, P. J., and POWELL, J., concur.