

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 28, 1990

Dr. James E. Franklin, D.C.   Opinion No. JM-1279
President
Texas Board of Chiropractic   Re:  Whether a chiropractor may
   Examiners                     use   the   title   "chiropractic
8716 MoPac Expressway      physician"  (RQ-2133)
   North, Suite 301
Austin, Texas 78759

Dear Dr. Franklin:

Article 4512b, V.T.C.S., the Texas Chiropractic Act, creates the Texas Board of Chiropractic Examiners and governs the registration, examination, licensure, and practice of chiropractors. Your letter requesting an opinion states:

> The Texas Board of Chiropractic Examiners respectfully requests your opinion on the Board's authority to adopt a rule authorizing a chiropractor to use the title 'chiropractic physician.'

We understand you to ask whether the board is authorized to promulgate a rule permitting a chiropractor to use the title "chiropractic physician" in addition to one of the designations that chiropractors are required by article 4590e, V.T.C.S, to employ. We conclude that it does.

Administrative agencies may promulgate rules when express authority to do so is conferred by statute or when such implied authority is necessary to accomplish the purpose of the statute. _Gerst v. Oak Cliff Sav. & Loan Ass'n_, 432 S.W.2d 702 (Tex. 1968); _Gulf Land Co. v. Atlantic Refining Co._, 131 S.W.2d 73 (Tex. 1939). Hence, when a statute expressly authorizes an agency to regulate an industry or profession, it impliedly authorizes the adoption of regulations to accomplish that purpose. _Railroad Comm'n v. Shell Oil Co._, 161 S.W.2d 1022 (Tex. 1942); _Dallas County Bail Bond Bd. v. Stein_, 771 S.W.2d 577 (Tex. App. - Dallas 1989, writ denied). Whether promulgated on the basis of express authority or implied authority, any rules adopted

must be reasonable and not in excess of any powers delegated. <u>Gerst v. Oak Cliff Sav. & Loan Ass'n</u>, <u>supra</u>; <u>Railroad Comm'n v. Sterling Oil & Refining Co.</u>, 218 S.W.2d 415 (Tex. 1949).

In <u>Texas State Bd. of Examiners in Optometry v. Carp</u>, 412 S.W.2d 307 (Tex. 1967), <u>cert. denied</u>, 389 U.S. 52 (1968), the Texas Supreme Court upheld a rule, denominated the Professional Responsibility Rule, adopted by the board that, <u>inter alia</u>, regulated the trade names that optometrists could employ. The statute did not specifically confer express authority on the board to regulate in this area. The court construed the following statutory language as impliedly conferring the requisite authority:

> The Board shall have the power to make such rules and regulations not inconsistent with this law as may be necessary for the performance of its duties, the regulation of the practice of optometry and the enforcement of this Act.

<u>Id.</u> at 309.

In upholding the rule, the court declared:

> We conclude that the court of civil appeals erred in its holding that the Professional Responsibility Rule added new and inconsistent provisions to the Optometry Act. <u>To the contrary, our opinion is that the rule's provisions are in harmony with the general objectives of the act and referable to and consistent with one or more of its specific proscriptions. We believe that the Legislature, by investing the Board with broad rule-making powers '[for] the enforcement of this Act' and '[for] the regulation of the practice of optometry,' contemplated that the Board would use these powers to correct the evils generally classified in article 4563, or some other provision of the Optometry Act.</u> If these rule-making powers did not authorize the Board to regulate evils not encompassed in the specific wording of the act, they would be nothing more than meaningless excess. (Emphasis added.)

Id. at 313; see also Kee v. Baber, 303 S.W.2d 376 (Tex. 1957) (holding that board possessed implied authority to adopt rule that regulated certain advertising by optometrists).

Subsection (d) of section 4 of article 4512b, V.T.C.S., confers broad authority on the Texas Board of Chiropractic Examiners to promulgate rules governing the practice of chiropractic:

> The Board shall adopt guidelines for educational preparation and acceptable practices for all aspects of the practice of chiropractic.

Under the authority of the above-cited cases, we construe this section to confer on your board the implied authority to promulgate the rule about which you ask.

It is suggested, however, that section 3 of article 4590e, V.T.C.S., the Healing Art Identification Act, prohibits the use by a licensee of your board of any title or designation not set forth specifically therein and thereby precludes your board from adopting the rule about which you inquire. Section 3 of article 4590e, V.T.C.S., provides:

> Every person licensed to practice the healing art heretofore or hereafter by either the Texas State Board of Medical Examiners, the State Board of Dental Examiners, the Texas Board of Chiropractic Examiners, the Texas State Board of Examiners in Optometry, the State Board of Chiropody Examiners and the State Board of Naturopathic Examiners shall in the professional use of his name on any sign, pamphlet, stationery, letterhead, signature, or on any other such means of professional identification, written or printed, designate in the manner set forth in the Act the system of the healing art which he is by his license permitted to practice. The following are the legally required identifications, one of which must be used by practitioners of the healing art:
>
> (1) If licensed by the Texas State Board of Medical Examiners on the basis of the degree Doctor of Medicine: physician and/or

> surgeon, M.D.; doctor, M.D.; doctor of medicine, M.D.;
>
> (2) If licensed by the Texas State Board of Medical Examiners on the basis of the degree Doctor of Osteopathy: <u>physician</u> and/or surgeon, D.O.; Osteopathic <u>physician</u> and/or surgeon; doctor, D.O.; doctor of osteopathy; osteopath; D.O.
>
> (3) If licensed by the State Board of Dental Examiners: dentist; doctor, D.D.S.; doctor of dental surgery; D.D.S.; doctor of dental medicine, D.M.D.
>
> (4) <u>If licensed by the Texas Board of Chiropractic Examiners: chiropractor; doctor, D.C.; doctor of Chiropractic; D.C.</u>
>
> (5) If licensed by the Texas State Board of Examiners in Optometry: optometrist; doctor, optometrist; doctor of optometry; O.D.
>
> (6) If a practitioner of the healing art is licensed by the State Board of Podiatry Examiners, he shall use one of the following identifications: chiropodist; doctor, D.S.C.; Doctor of Surgical Chiropody; D.S.C.; podiatrist; doctor, D.P.M.; Doctor of Podiatric Medicine; D.P.M.;
>
> (7) If licensed by the State Board of Naturopathic Examiners: <u>naturopathic physician</u>; <u>physician, N.D.</u>; doctor of naturopathy; N.D.; doctor, N.D.

Violation of article 4590e, V.T.C.S., is a misdemeanor, punishable by a fine upon conviction of the first two violations and a fine or license revocation upon conviction of a third. <u>Id.</u> §§ 5, 6.

We disagree that section 3 of article 4590e, V.T.C.S., prohibits the use by a licensee of your board of the title "chiropractic physician" and thereby precludes your board from promulgating a rule permitting the designation. We do not construe article 4590e, V.T.C.S., to set forth an exclusive list of titles that those professionals regulated by the statute may employ. Rather, we construe the statute to

set forth, in effect, minimum requirements with which the regulated professionals must comply. In other words, we construe section 3 to require the use by a regulated professional of one of the designations set forth in the section, but it is silent with regard to whether such a licensee may employ any additional designation. We construe section 3 in this fashion for two reasons.

First, the language of section 3 simply will not sustain a reading that the specified designations comprise an exclusive list. The relevant language of section 3 provides: "The following are the legally required identifications, one of which must be used by practitioners of the healing art . . . . " (Emphasis added.) There is no language in the act purporting to limit those designations that a regulated professional may use to only those set forth. So long as one of the specified designations is used, no violation of section 4590e, V.T.C.S., will occur.

Second, we think that our construction comports with the evident intention of the legislature when it enacted the Texas Chiropractic Act and its apparent recognition that persons engaged in the practice of chiropractic employ designations other than those set forth in section 3 of article 4590e. Section 1 of article 4512b, V.T.C.S., provides in pertinent part:

> A person shall be regarded as practicing chiropractic within the meaning of this Act if the person:
>
> . . . .
>
> (3) holds himself out to the public as a chiropractor or uses the term 'chiropractor,' 'chiropractic,' 'doctor of chiropractic,' 'D.C.,' or any derivative of those terms in connection with his name. (Emphasis added.)

It is clear that the legislature meant to include within the ambit of the act those persons who employ not only the term "chiropractor," but also those persons who employ "any derivative" of those specified terms.

Moreover, we conclude that the evident purpose of the act would in no way be undermined if, in addition to the list of designations from which a licensee is required to choose, he is also permitted to employ the title "chiropractic physician." Section 3 of article 4590e, V.T.C.S.,

authorizes each of the professionals regulated by the act to employ the term "doctor" in a way that identifies the healing art by which he is permitted by his license to practice, and authorizes osteopaths and naturopaths to employ the term "physician" as well. The act already permits a practitioner of chiropractic to employ the term "doctor" if, in addition, he identifies that the healing art for which he possesses a license is that of chiropractic. The terms "doctor" and "physician" are functionally synonymous; thus a chiropractor's employing the term would not be misleading.[1]  See, e.g., Milling v. State, 150 S.W. 434 (Tex. Crim. App. 1912); Walters v. Building Maintenance Service, Inc., 291 S.W.2d 377 (Tex. Civ. App. - Dallas 1956, no writ); Barfield v. State, 110 P.2d 316 (Okla. Crim. App. 1941); Thomas v. Carlton Hosiery Mills, 81 A.2d 365 (N.J. 1951); see also V.T.C.S. art. 4567b (practice of podiatry to include, inter alia, a "podiatric physician"); Op. Okla. Att'y Gen. No. 78-173 (1978)(holding that "physician" includes the term "chiropractor" for purposes of a statute licensing persons who practice the healing arts); 42 U.S.C. § 1395x(r) (defining "physician" to include, inter alia, "chiropractor" for purposes of federal public health and welfare statutes).

We conclude that the Texas Board of Chiropractic Examiners is authorized to promulgate a rule permitting its licensees to employ the term "chiropractic physician," if that phrase is employed in addition to one of the terms or phrases that the board's licensees are required to employ by article 4590e, V.T.C.S.

---

1. We note that our construction of article 4590e, V.T.C.S., in no way conflicts with Maceluch v. Wysong, 680 F.2d 1062 (5th Cir. 1982). In that case the court of appeals upheld the statute's requirement that an osteopath had to employ the designation set forth in section 3 and could not employ the term "M.D." instead. The court held, inter alia, that permitting an osteopath to employ the identifying term "M.D." would mislead the public into assuming that his degree was a degree as a "doctor of medicine." We are here holding that a chiropractor is required to employ one of the terms or phrases set forth in section 3, but that he is not precluded by that statute from employing an additional term or phrase if that term or phrase does not serve to mislead the public.

## S U M M A R Y

The Texas Board of Chiropractic Examiners is authorized to promulgate a rule permitting its licensees to employ the term "chiropractic physician," if the phrase is employed in addition to one of the terms or phrases that the board's licensees are required to employ by article 4590e, V.T.C.S.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General