UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, CARPENTERS UNION NO. 213, v. CARPENTERS AND JOINERS UNION OF TEXAS.

No. 10664.

Court of Civil Appeals of Texas. Galveston.

Oct. 7, 1937.

Rehearing Denied Dec. 16, 1937.

Sewall Myer, of Houston, for appellant.

Thomas B. Lewis, of Houston, for appellee.

CODY, Justice.

This suit was instituted January 15, 1937, in one of the district courts of Harris county by the United Brotherhood of Carpenters and Joiners of America, Carpenters Union No. 213, against the defendant corporation, Carpenters and Joiners Union of Texas. The suit is for damages, and for a temporary and permanent injunction prohibiting defendant from making use of its corporate name, and from advertising and representing defendant as a union labor organization, as being unfair competition. The court below sustained a general demurrer to plaintiff's petition for a temporary injunction, and plaintiffs appeal.

Plaintiffs' petition covers some 15 pages of the transcript, but in substance the allegations are these: That the United Brotherhood of Carpenters and Joiners of America, Carpenters Union No. 213, is affiliated with the Texas, and with the American Federation of Labor, and received its charter and the right to use its name in September, 1909, and has become known in Houston and vicinity as the Union Carpenters and Joiners Organization of Houston: that the labor performed by its members is that of carpenters and joiners, and by skillful labor, a fair course of dealing, and an honorable fulfillment of their engagements, they have built up a reputation and good will of great value, which is a property right that a court of equity will protect against unfair competition: that for a long time local union No. 213 has been known to the public and trade in Harris county and vicinity as the Union of Carpenters and Joiners, and its members as union carpenters and joiners: that the word "union" as used in as a part of the name of a labor organization, is understood in Harris county and vicinity to be a union labor organization affiliated with the American, and the Texas Federation of Labor; and the public knows that the members of such unions are required to maintain a high standard of efficiency and integrity, and to respect their contracts of employment by the rules, regulations, and business policy of the American Federation of Labor and its subordinate and composite associations; that they have raised, stabilized, and established uniform wages that are paid for the services of their members and labor in general, and have required and forced into use, various and sundry appliances and protection for their members, and have established and maintained the right to collective bargaining for labor; that this was known to defendant and to persons organizing defendant corporation and to its membership; that the incorporation of defendant as Carpenters and Joiners Union of Texas, and especially the inclusion of the word "union" in its corporate name, is an illegal effort to overreach and take from local union No. 213, and its membership, the good will and good reputation established by local union No. 213, and its membership, to demoralize it and break down the prevailing wage scale, and to deceive and mislead the public into believing that when it is dealing with defendant, it is dealing with local union No. 213: that defendant is advertising and representing itself, and will continue so to do, to the public as a labor union organization, and its members as union men; and the public are, and will continue to be, deceived into believing that defendants are a part of, and affiliated with, the American Labor Union men and women who compose the membership of the American Federation of Labor and the local union No. 213; that the public are dealing with, and will continue to do so, defendant and its membership in the mistaken belief that defendant is a union organization, and its members union men, as those terms are almost universally understood; that all of this will be the result of the similarity of the corporate name of defendant to the long established and used name of local union No. 213, and especially to the use of the word "union" in its corporate name; that the use of defendant's corporate name and the word "union" therein, will, in reasonable probability, deceive and mislead persons of ordinary prudence into believing that defendant and its members are the same or a part of local union No. 213 and its membership, and of the union labor movement as herein pleaded, while the contrary is the fact; that by including the word "union" in its corporate name, defendant has unlawfully appropriated and is using a distinctive portion of the name of local union No. 213, and will mislead the public and result in confusion and an unfair practice competition with local union No. 213, as the word "union" has acquired a secondary meaning, and the exclusive right to use the word "union" in the names of labor organizations is in local union No. 213, and the other organizations affiliated with the American Federation of Labor.

The petition goes on, after stating facts showing the membership of local union No. 213 and the membership of defendant are competitors, to allege that within a short and reasonable time after defendant began to operate under its corporate name, plaintiffs, through their members and their local and international officers, contacted defendant and its membership and sought by all peaceable means to induce them to discontinue the use of defendant's corporate name and to disband and dissolve defendant corporation, and to induce its members to join local union No. 213, and to refrain from infringing upon plaintiffs' name and rights and to refrain from doing the various and sundry other things complained of, which defendant did not refuse to do until about January 6, 1937, and until that date plaintiffs believed defendant would comply with their demands, and that defendant is estopped from claiming laches on the part of plaintiffs in bringing this action.

The petition concludes with a prayer for a temporary injunction against defendant, enjoining defendant, its agents and members, from using its corporate name "as herein pleaded, and from doing each and all of the acts and things pleaded and charged against defendant." The prayer further asks judgment for damages in the sum of $100,000; and that defendant, its officers, agents, and members be permanently enjoined from using its corporate name for any purpose, and from claiming, advertising, and representing defendant as a "union" labor organization and its members as "union" laborers.

Plaintiffs contend that, as against the general demurrer, the allegations of the petition must be taken as constructively true, and that, as the allegation that defendant has been guilty of unfair competition, and, unless restrained by an injunction, will continue such unfair competition, such allegation, as against the general demurrer, must be taken as true.

■■■ The rule for which plaintiffs contend is, of course, not the only rule which the courts apply to test and determine the sufficiency of pleadings. As noted above, the trial court expressly held that plaintiffs had not alleged a cause of action that entitled them to the issuance of a temporary injunction against defendant; and when plaintiffs stood on their allegations as being sufficient to entitle them to the relief of an injunction and declined to amend,

the court denied the temporary injunction. Our Supreme Court adopted the holding in Gillis v. Rosenheimer, 64 Tex. 243, 246: "The rule of pleading, that the statements of a party are to be taken most strongly against himself, is re-enforced in injunction suits by the further requirement that the material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising upon the facts so stated, from which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief." And in our recent opinion in Smith v. State, 103 S.W.2d 805, at page 806, we expressly approved the rule laid down in 24 Texas Jurisprudence in the article on injunctions, in this language: "In accordance with the established rules of pleading, allegations of fact in a suit for injunctions must be direct, certain and particular; they should not be in the form of conclusions of fact or of law." See, also, Wertheimer v. Walker (Tex.Civ.App.) 96 S.W.2d 831. While other cases might be cited, we know of none holding otherwise.

These rules of pleading stand on a parity with that invoked by plaintiffs, that as against a general demurrer, the allegations of the petition must be taken to be true, and are of equal force with it. Consequently, in passing upon the sufficiency of plaintiffs' allegations to warrant the issuance of the injunction sought against defendant, the court was required to and could take as true only the allegations that are "direct, certain and particular"; and could not consider the allegations "in the form of conclusions of fact or of law."

■■■ As shown above, it clearly appears from the petition that plaintiffs alleged that the corporate name of defendant was the "Carpenters and Joiners Union of Texas"; that the adoption and use of this name by the membership of defendant corporation was unfair competition with the membership of "United Brotherhood of Carpenters and Joiners of America, Carpenters Union No. 213," because of the similarity of the two names, and because of the similarity of the corporation's name to that of "Union Carpenters and Joiners Organization of Houston," by which plaintiffs had long been known in Houston and vicinity; and because the members of plaintiffs' union were known in Houston and vicinity as union carpenters and joiners. The ground on which plaintiffs strongly

rely for injunctive relief, that the members of local union No. 213 have a prescriptive right to the use of the word "union," as employed by defendant corporation in its name, is clearly a legal conclusion. It seems clear to us that the allegations to the effect that the members of defendant corporation are advertising and representing themselves as union men so as to mislead the public into believing them affiliated with local union No. 213 was intended by the pleader to be understood as the result of the use in defendant corporation's name of the word "union." Certainly, if plaintiffs rely on any other mode by which defendant is representing its members belong to local union No. 213, other than by the use of the word "union" in its name, they have failed to allege same in the manner necessary in an injunction suit. In their brief, plaintiffs also strongly urge that the use by defendant, in its name, of the words "carpenters and joiners" is in derogation of their rights, as they have also appropriated these words, and will deceive the public.

The effect of sustaining the demurrer to the application for a temporary injunction was to hold as a matter of law, firstly, that there was no such similarity in the corporate name of defendant to that of local union No. 213, nor to the name by which its membership had been for a long time known in Houston and vicinity, as to mislead a person using such care as the public in general may be expected to exercise, through mistake to deal with defendant corporation and its members when he intended to deal with the other, local union No. 213, and its members; and, secondly, that as against defendant corporation the members of local union No. 213 do not own a prescriptive right to the exclusive use of the name "union." In so holding, we believe the learned trial court did not err.

Each of the words comprising defendant's name, Carpenters and Joiners Union of Texas, except Texas, are words of broad generic meaning. And while, in our opinion, the appropriation of even generic names ought to be "protected if there has been such a prior combination and association of them with, or application of them to, a new and distinctive enterprize that their subsequent use by others would thus tend to mislead the public and injure the association first so using them" (Burrell v. Michaux [Tex.Civ.App.] 273 S.W.

874, at page 880), we are unable to see the applicability of this principle in the present case. The calling of a carpenter and joiner is an ancient and honorable one. In their brief, plaintiffs say: "We are impressed with the language of the Court in Barton v. Rex-Oil Company (C.C. A.) 2 F.2d 402, 40 A.L.R. 424: 'Why with all the words in the English Language at its disposal (appellee here) it should adhere to these particular words?'"

Possibly there are other English words to describe a worker in wood than carpenter and joiner. But the use by plaintiffs of the words carpenter and joiner in their name to describe the nature of their business could not deprive defendant of the right to use them in its name. In Goodyear Rubber Glove Manufacturing Company v. Goodyear Rubber Company, 128 U.S. 598, 9 S.Ct. 166, 167, 32 L.Ed. 535, it was said:

"But the name 'Goodyear Rubber Company' is not one capable of exclusive appropriation. 'Goodyear Rubber' are terms descriptive of well known classes of goods produced by the process known as 'Goodyear's invention.' Names which are thus descriptive of a class of goods cannot be exclusively appropriated by any one. The addition of the word 'Company' only indicates that the parties have formed an association or partnership to deal in such goods, either to produce or to sell them.

"Thus parties united to produce or sell wine, or to raise cotton or grain, might style themselves 'Wine Company,' 'Cotton Company,' or 'Grain Company,' but by such description they would in no respect impair the equal right of others engaged in similar business to use similar designations, for the obvious reason that all persons have a right to deal in such articles, and to publish the fact to the world."

By the terms of article 5152, R. S. 1925, all persons engaged in any kind of work or labor, manual or mental, or both, are authorized to associate themselves together and form trade unions and other organizations for the purpose of protecting themselves in their respective pursuits and callings. One of the purposes for which private corporations may be formed under article 1302 (subdivision 83), is: "To organize laborers, workingmen, wage earners and farmers to protect themselves." As plaintiffs allege that defendant is a corporation whose members are in com-

petition with the members of local union No. 213, and as this is the only purpose clause in article 1302 under which such corporation could be formed, it must be that the members of defendant are incorporated under subdivision 83 of such article. Now the courts must take judicial knowledge of the fact that men following the trade of carpenters and joiners that are incorporated under this article are an incorporated trades union. Furthermore, in the official copies of the Revised Statutes of 1925, there appears an alphabetical index of various descriptive words covering the purposes for which private corporations may be formed under article 1302. Subdivision 83 thereof is indexed under the words "labor" and "unions." We believe that a corporation formed under subdivision 83 has as much legal right to adopt a name with the word "union" in it as a corporation formed under subdivision 39 to purchase goods, wares, and merchandise has to adopt as a part if its corporate name the word "company."

Believing the court below correctly sustained the general demurrer, we affirm the judgment.

Affirmed.

PLEASANTS, C. J., dissenting.