George HARRELSON et al., Appellants,

v.

Ernest WRIGHT et al., Appellees.

No. 3558.

Court of Civil Appeals of Texas.

Eastland.

Oct. 28, 1960.

Rehearing Denied Nov. 11, 1960.

Moursund, Ball & Bergstrom, San Antonio, for appellant.

Wagstaff, Harwell, Alvis & Pope, Abilene, for appellee.

GRISSOM, Chief Justice.

Ernest Wright, Allen Wright and J. D. Wright, doing business in Abilene, Texas, and the surrounding trade territory as Abilene Linen Supply, sued Martin Linen Supply Company of San Antonio and George Harrelson, its manager in Abilene, for an injunction prohibiting them from doing business in that territory under the name of Abilene Linen Service Company. Upon a hearing, the court granted the Wrights a temporary injunction and Martin Linen Supply Company and its manager, Harrelson, have appealed.

There was evidence to the effect that the Wrights had been doing business in Abilene and its adjoining trade territory under the name of Abilene Linen Supply since 1947; that appellants and appellees were engaged in the same business in the same territory; that the Wrights com-

menced their business in Abilene in 1947 under the name of "Abilene Linen Supply Co." and filed an assumed name certificate under said name in December, 1947; that thereafter, in 1952, they filed an assumed name certificate under the name of "Abilene Linen Supply"; that although "Co." was used in their original certificate they had continuously, since 1947, actually operated under the name of Abilene Linen Supply in Abilene and its trade territory; that they and Martin Linen Supply Company are in the business of renting linens to commercial businesses, including barber shops, beauty shops, restaurants, grocery stores and motels; that from 1947 to about January, 1960, no person or organization other than the Wrights used a trade name in said territory with any combination of the words "Abilene" and "Linen"; that Martin Linen Supply Company is a corporation with headquarters in San Antonio and Mr. Harrelson has been its manager in Abilene for about fifteen years, during which time it operated under its corporate name of Martin Linen Supply Company; that about January 1, 1960, it commenced using the name "Abilene Linen Service Company", placing such name on a former Martin Linen Supply Company truck and on their place of business in Abilene, where Martin Linen Supply Company had been doing business for many years. There was evidence, and the court found, that the Wrights in the use of the trade name of Abilene Linen Supply had built up in Abilene and its trade territory a large and profitable business and established a reputation for careful and efficient service and, in furtherance of said business under said trade name, had expended a large amount of money in advertising their business under said name and were well known in said business under that name; that the new name adopted by Martin Linen Supply Company was so similar to the Wrights' trade name as to be confused with it; that the Wrights' use of Abilene Linen Supply in said territory had been actual, peaceable and uncontested during the period of time indicated and that Martin Linen Supply Company's use of its new name has and will cause confusion in the minds of the public as to whether the two are the same, or are affiliated, and that the use by Martin of said new name constitutes unfair competition.

Appellants contend the court erred in granting a temporary injunction because the name "Abilene" is a geographical term which cannot be appropriated to the use of one individual or group, and because the words "Linen" and "Supply" are descriptive terms and, likewise, cannot be so appropriated. Appellants further contend that there is no evidence, or it is insufficient, to show that a secondary meaning has been acquired by appellees in the use of their trade name or that there has been any confusion, or deception, by Martin's use of its new trade name. Although "Abilene" is a geographical name and "Linen" may be a descriptive word, we think the evidence was sufficient to support the conclusion that the use of same in the Wrights' trade name had acquired a secondary meaning and that the Wrights were entitled to a temporary injunction preserving the status quo.

 Appellants and appellees are in the same business in the same trade territory and appellees' trade name identifies its business based upon the combination of the words "Abilene" and "Linen". Geographical names and descriptive words may be used in such a manner and for such a length of time that they acquire a secondary meaning by becoming associated in the public mind with the business of some one person, or group. 41–A Tex.Jur. 444, 87 C.J.S. Trade-Marks, Trade-Names, and Unfair Competition § 90, p. 319. The burden, of course, was upon the Wrights to establish that their use of said words had acquired a secondary meaning in the locality and that Martin's new name would probably be mistaken by customers in the exercise of such reasonable care and observation as they may be expected to exercise. However, it was not necessary to prove that anyone was actually deceived into trading with Martin Linen Supply Company in the

belief that they were dealing with Abilene Linen Supply in order to make out a case of unfair competition. It was sufficient to show that deception will naturally and probably result from such use. 41-A Tex.Jur. 449. The applicable rule is stated in 87 C.J.S. Trade-Marks, Trade-Names, and Unfair Competition § 92, page 325 as follows:

"In order to make out a case of unfair competition it is not necessary to show that any person has been actually deceived by the defendant's conduct, it being sufficient to show that such deception will be the natural and probable result of his acts, but either actual or probable deception must be shown, the true test of unfair competition being whether the defendant's acts are such as are calculated to deceive the ordinary buyer making his purchases under the ordinary conditions which prevail in the particular trade to which the controversy relates."

█ It was a question of fact as to whether Martin's use of a trade name similar to the Wrights' previously adopted trade name was reasonably calculated to deceive the public. 41-A Tex.Jur. 451; Dilworth v. Hake, Tex.Civ.App., 64 S.W. 2d 829, (Writ Dis.); 87 C.J.S. Trade-Marks, Trade-Names, and Unfair Competition § 100, p. 346.

The following authorities support our conclusion that the judgment preserving the status quo by a temporary injunction was authorized and that it must be affirmed. Burge v. Dallas Retail Merchants Association, Tex.Civ.App., 257 S.W.2d 733, 735; Aultz v. Zucht, Tex.Civ.App., 209 S.W. 475; Russ v. Duff, Tex.Civ.App., 49 S.W. 2d 905; Suniland Furniture Company v. Sunnyland Wholesale Furniture Company, Tex.Civ.App., 235 S.W.2d 674, (Writ Ref.); Ravel v. Couravallos, Tex.Civ.App., 245 S. W.2d 731; Walters v. Building Maintenance Service, Tex.Civ.App., 291 S.W.2d 377.

The judgment is affirmed.