**J. C. PENNEY COMPANY, d/b/a Penny's Auto Center, Appellant,**

v.

**Dennis WALKER, d/b/a Auto Center, Appellee.**

No. 4405.

Court of Civil Appeals of Texas.

Waco.

Oct. 7, 1965.

Rehearing Denied Oct. 28, 1965.

Lewright, Dyer & Redford, and W. N. Woolsey, Corpus Christi, for appellant.

Jake B. Jarmon, Jr., Corpus Christi, for appellee.

McDONALD, Chief Justice.

This is an appeal from an interlocutory order of the trial court granting plaintiff application for a temporary injunction restraining defendant, pending final hearing, from using the name "Auto Center" in connection with its business in Nueces County.

Plaintiff Dennis Walker, d/b/a Auto Center, filed this case on *March 5, 1965* against defendant J. C. Penney Co., d/b/a Penney's Auto Center, alleging that plaintiff is engaged at two locations in Corpus Christi, Nueces County, Texas, in the general automotive supply and repair business under the trade name of "Auto Center"; which trade name was duly registered in the office of the County Clerk of Nueces County in 1952, and 1962, and continues to the present date. Plaintiff further alleged that during the years he has invested extensive capital in building good will, advertising under the name "Auto Center", and he built up extensive business and good will under such name; that it has become well known among persons desiring automotive products and services; that it has acquired a secondary meaning apart from its primary and generic significance denoting in the mind of the public, care, skill and reliability in automotive products and services at reasonable cost in the Corpus Christi area.

Plaintiff alleged that defendant, on February 11, 1965, concocted a trade name using the words Penney's AUTO CENTER and began advertising such in Corpus Christi, and opened a place of business using such trade name in Corpus Christi, Texas, and is now operating such business under such trade name; that such name is identical in nature and in direct competition to the business conducted by plaintiff.

Plaintiff alleges the use of the words AUTO CENTER by defendant in the conduct of its business and its advertising is an appropriation of the trade name of plaintiff and constitutes unfair competition, and if defendant is permitted to continue to use such name, the good will and name used by plaintiff will be unfairly appropriated and the public will be deceived or confused, and plaintiff will be deprived of the value of the good will resulting from the skill, industry and investment and extensive advertising it has acquired from the use of the trade name "AUTO CENTER," which was simulated and appropriated by defendant.

Plaintiff prayed for temporary injunction, enjoining defendant from further using the name "AUTO CENTER" in connection with its business in Nueces County, and upon final hearing permanent injunction, and for damages.

Defendant answered by general denial. After hearing on temporary injunction, the trial court enjoined defendant, pending final hearing, from further using the name "Auto Center" in connection with its business within the confines of Nueces County and from advertising directly or indirectly, or in any manner using the name "Auto Center" as a part of its business name.

Defendant appeals, contending:

1) The trial court erred in impliedly finding that the words "Auto- Center" had acquired a secondary meaning in Corpus Christi, Nueces County, Texas.

2) The trial court erred in impliedly finding that defendant, in using the name "Penney's AUTO CENTER", acted fraudulently in an attempt to palm off its goods as those of plaintiff's.

3) The trial court erred in granting temporary injunction because such writ disturbed the status quo.

■ Defendant's 1st contention is that the trial court erred in impliedly finding that the words "auto center" had acquired a secondary meaning in Corpus Christi. The record reflects that plaintiff had commenced using the words "Auto Center" in Corpus Christi in 1952, and had used them to the present. The trade name had been filed in the assumed name records of Nueces County since June 2, 1952. Plaintiff had expended in excess of $100,000 in advertising his business, "The Auto Center" since 1952. Large signs had been up continuously on plaintiff's two locations in Corpus Christi. Plaintiff had pickup trucks, stationwagons and an airplane all owned by his business and identified with the marking "Auto Center." Plaintiff had sent out thousands of direct mail handouts in the Corpus Christi area; and had dispensed thousands of clips, mileage markers, telephone rests and desk pads with "Auto Center" on them. Employees had "Auto Center" on their uniforms; the bank account and utilities were in the name of "Auto Center". Plaintiff had conducted TV and newspaper advertising for the "Auto Center." Many charitable contributions were made by plaintiff in the name of the "Auto Center." Many letters were written to plaintiff and addressed "Auto Center." Under the record, the trial court was justified in impliedly finding that the words "Auto Center" had acquired a secondary meaning associated with plaintiff in the Corpus Christi area. Harrelson v. Wright, Tex.Civ.App. w/e Ref., 339 S.W.2d 712; Walters v. Building Maintenance Service, Inc., Tex.Civ.App. (n.w.h.) 291 S.W.2d 377.

■ Defendant's 2nd contention is that the trial court erred in impliedly finding that defendant in using the words "Auto Center" acted fraudulently in an attempt to palm off its goods as those of plaintiff. The trial court made no such finding and none was necessary. The trial court made the finding that "Auto Center" had acquired a secondary meaning, that plaintiff was the prior user of such name in the Corpus Christi area, and that the manner in which defendant was using the name had a tendency to and probably would mislead and confuse the public. The record is ample to sustain the trial court in this implied finding. Harrelson v. Wright, supra.

■■ Defendant's 3rd contention complains the temporary injunction disturbed the status quo. Plaintiff commenced use of the name "Auto Center" in 1952. Defendant opened its auto center on February 11, 1965; the instant case was filed on March 5, 1965. Status quo is the last actual peaceable noncontested status which preceded the present controversy. This was the condition which existed from 1952 to February 11, 1965. Plaintiff could not reasonably have acted any quicker than by filing his suit on March 5, 1965.

■ In suits for temporary injunction, the trial court is endowed with broad discretion to grant or deny the injunction; and the scope of appellate review in such cases is limited to the narrow question of whether the action of the trial court constitutes a clear abuse of discretion. Moreover, the purpose of the temporary injunction is to preserve the status quo of the subject matter of the suit pending a final trial of the case on its merits. Janus Films, Inc v. City of Ft. Worth, 163 Tex. 616, 358 S.W.2d 589. Under the record we cannot say that a clear abuse of discretion has been shown on the part of the trial court. This opinion is not to be construed as passing on the merits of the case in any respect. Its sole function is to uphold the trial court in granting the temporary injunction. All of defendant's points and contentions have been considered and are overruled.

Affirmed.

WILSON, Justice (concurring).

I concur in the result only on the ground, somewhat questionable, that the court was

justified in preserving the status quo pending final hearing. In my opinion use of the trade-name, "Penney's Auto Center" in the Corpus Christi area under this record does not constitute unfair competition. It is with extreme reservation that I concur in a holding that its use should be temporarily restrained.

The words, "Auto Center" are generic and descriptive only. As said in Iowa Auto Market v. Auto Market & Exchange, 197 Iowa 420, 197 N.W. 321, the words *"Auto Market"* are no more distinctive than the words "shoe store" or "meat market." It is held that the term, *"Food Center"* is generic and generally descriptive. It is not susceptible of monopolization as a tradename, and "a court of equity is not justified in assuming as a matter of law that it has or is calculated to deceive the public, or that any confusion with reference to the identity of the two businesses exists to the prejudice of the plaintiff." The claim that the words have acquired a secondary meaning, that an extensive advertising campaign by expenditure of large sums of money has made plaintiff's business widely identified with the words, is not sufficient basis for equitable intervention. Food Center Supermarkets, Inc. v. Altiere, Sup., 123 N.Y.S. 2d 260.

Such terms as *"Bowling Center"*, *Furniture Center"* and *"Food Center"* are only generic and descriptive, and "it is only the manner of their use by another that is considered and restrained. There must be confusion or deception with implicit representation that the goods of the later are those of the first user." Houston v. Berde, 211 Minn. 528, 2 N.W.2d 9. In the latter case it was pointed out that even assuming the words "Food Center" have acquired a secondary meaning, associating them in the public mind with plaintiff's business, if there is not shown confusion of the public or tendency to deception, injunction will not be granted. The case emphasizes the fact that defendant used his own name and the possessive "Berde's" in connection with the words, "Food Center."

The prerequisite showing of deceptive simulation in the use of generic words which are the common property of all persons, even where there is a claimed acquisition of secondary meaning, is stated in Alff v. Radam, 77 Tex. 530, 14 S.W. 164, 9 L.R. A. 145: "[if] such simulation was calculated to deceive ordinarily prudent persons, and did deceive such persons, the plaintiff would be entitled to protection against the consequences of such deception."

In Pipe Linings, Inc. v. Inplace Linings, Inc., Tex.Civ.App., 349 S.W.2d 279, writ ref. n.r.e., it was shown that plaintiff had expended considerable time and money in promotion efforts, advertising the words "in place". It was shown that the public had become familiar with "in place" in connection with its business and advertising. The court held: "In the absence of fraud, a name merely descriptive of the business carried on cannot be exclusively appropriated as against others who can and do use the name with equal truth, even if the words have acquired a secondary meaning." See Goidl v. Advance Neckwear Co., 132 Tex. 308, 123 S.W.2d 865; Winter Garden District v. Winter Garden Fair, Tex.Civ.App., 299 S.W. 512, 514, writ dism.; Burge v. Dallas Retail Merchants Association, Tex. Civ.App., 257 S.W.2d 733; Duke v. Cleaver, 19 Tex.Civ.App. 218, 46 S.W. 1128, writ dism.; Dixiepig Corporation v. Pig Stand Co., Tex.Civ.App., 31 S.W.2d 325.

The evidence is undisputed in this case that appellant wants its customers to know they are trading with J. C. Penney Company. Confusion with plaintiff's business is a result contrary to appellant's interests. In much of its advertising and most of its signs the name "Penney's" is in the same size type as "Auto Center." There is no evidence of fraudulent intent; there is no evidence of confusion of identity; there is no showing of probable deception. The only evidence offered establishes the contrary; the public is not confused, but recognizes the distinction in identity. The extent of the evidence is that applicant had used the words "auto center" for an extended peri-

od of time, and had expended money in advertising the trade-name.

Such unimaginative and generic terms as "Garden Center," "Tire Center," "T-V Center," "Furniture Center," "Sports Center," "Appliance Center" and a host of others are so commonplace that a holding of exclusive appropriation is not to be lightly considered.