**Wilfred L. DOUGLAS, d/b/a River Oaks Service Station, Appellant,**

v.

**Joe A. TAYLOR, Appellee.**

**No. 16138.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 14, 1973.

Cutrer & Jefferson, William Darrough, Houston, for appellant.

Billy J. Griswold, Houston, for appellee.

COLEMAN, Chief Justice.

Wilfred L. Douglas, Jr., d/b/a River Oaks Service Center, plaintiff below, appeals from an order of the trial court denying a temporary injunction wherein plaintiff requested that appellee Taylor be restrained from the use of the words "River Oaks Service Center" in the name of appellee's service station business.

Appellant complains that the trial court abused its discretion in failing to apply "existent Texas law" to the undisputed facts in the case and thereby erred in not granting a temporary injunction in its favor.

In the latter part of December, 1968, appellant commenced operation of a retail supply dealership under an agreement with Mobil Oil Company. This business was located at 3803 Westheimer in Houston, Texas, and was operated with apparent success under the registered trade name of "River Oaks Service Center." The operations of this enterprise included the sale of gasoline, the performance of major auto repairs and the sale and repair of boats. The appellant continued to operate at this location until the middle of August, 1972, at which time appellee, a former employer of appellant, entered into a lease agreement with Mobil to operate the service station at the same location. The appellee immediately began to sell gasoline and perform minor automobile repairs under the name of "River Oaks Service Center" and continued to do so until September of 1972 when he changed the name of the station to "Joe's River Oaks Service Center."

The appellant returned to Houston in September of 1972 after supervising the opening of a boat marina on Galveston Island and opened an automobile repair center at 4200 Westheimer under the registered assumed name of "River Oaks Service Center." This location had been used by him in his automobile repair business in connection with his business previously conducted under the name "River Oaks Service Center" at 3803 Westheimer. The appellant's operations at this location consisted of major mechanical repairs, boat sales and boat repairs.

The appellant notified appellee that appellee was not authorized to retain the use of the name "River Oaks Service Center." Appellee testified that he changed the name of his service station to "Joe's River Oaks Service Center" which name is displayed over his doorplate, on his truck and on his business cards. Appellee further testified that he answers the telephone at his station: "Joe's River Oaks Service Center." The foregoing facts are undisputed.

In suits for temporary injunctions, the trial judge is endowed with broad discretion to grant or deny the injunction. The scope of review in such cases is limited to the narrow question of whether the action of the trial judge in granting or denying the temporary injunction constitutes a clear abuse of discretion. Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589 (1962).

The trial court's discretion is not so broad, however, as to authorize an erroneous application of the law to the facts. Board of Equalization of City of Plano v. Wells, 473 S.W.2d 88 (Tex.Civ.App.—Dallas 1971, no writ), and cases cited therein.

■ Our Supreme Court has held that to warrant the issuance of the writ of temporary injunction, the applicant need only show a probable right and a probable injury. No requirement is made of him to establish that he will finally prevail in the litigation. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549 (1953).

Appellant strongly urges that he has acquired proprietary rights in the name "River Oaks Service Center" and that that name has acquired a secondary meaning. Black's Law Dictionary, Revised Fourth Edition, defines proprietary rights at page 1384 as those rights which an owner of property has by virtue of his ownership.

The words "River Oaks Service Center" combine the name of a general geographic location in the City of Houston with words which generally describe the nature of the business transacted. In Pipe Linings, Inc. v. Inplace Linings, Inc., 349 S.W.2d 279 (Tex.Civ.App.—Fort Worth 1961, writ ref'd n.r.e.), the court stated: ". . . the true basis of secondary meaning may be said to be that the word or phrase to be given such meaning has been used so long and exclusively by one producer with reference to his articles that the word has come to mean that the article is his product."

■ The burden was upon appellant to establish that his use of the name had acquired a secondary meaning in the locality and that appellee's new name would probably be mistaken by customers in the exercise of such reasonable care and observation as they may be expected to exercise. Unfair competition results if appellee's use of the name is calculated to deceive the ordinary buyer making his purchases under the ordinary conditions which prevail in the particular trade to which the controversy relates. Harrelson v. Wright, 339 S.W.2d 712 (Tex.Civ.App.—Eastland 1960, err. ref.).

A review of the Houston telephone directory's "yellow" and "white" pages evidences the fact that a great many business firms listed therein incorporate either the words "River Oaks" or the words "Service Center" in their trade names. There is a "River Oaks Gulf Service Center," a "River Oaks Texaco Service Station," a "River Oaks Shell Service Station," and a "River Oaks Automotive Center." Appellant's adoption of "River Oaks Service Center" as his business name did not necessarily authorize appellant to exclusively appropriate them as against others who can and do use the name with equal truth. The evidence does not establish that these words have acquired a secondary meaning. Pipe Linings, Inc., supra.

Appellee testified that appellant had requested appellee to retain the telephone number and advertising contracts previously belonging to appellant during the time which appellant operated the service station at 3803 Westheimer but that appellee declined to do so stating, in essence, that he wanted to establish his trade on his own. The appellee admitted that appellant never consented to his use of the name "River Oaks Service Center." The uncontradicted testimony of appellee further showed that customers who inquired whether appellant had moved to a new location were directed there by appellee. There is a question of fact as to whether the appellee's use of the words "River Oaks Service Center" in the name adopted by appellee under which to operate his service station was reasonably calculated to deceive the public. Harrelson v. Wright, supra.

■ We do not have the benefit of findings of fact or conclusions of law and in the absence thereof the judgment of the trial court must be upheld on any legal theory that finds support in the evidence.

Seaman v. Seaman, 425 S.W.2d 339 (Tex. Sup.1968).

 It does not, therefore, appear that the trial court clearly abused its discretion and erred in applying the law to the facts in this case in the absence of a showing by appellant of probable injury resulting from appellee's use of the words "River Oaks Service Center" in the operation of its business.

The judgment denying appellant's request for temporary injunction is affirmed.