**KIKK, INC., Appellant,**

**v.**

**MONTGOMERY COUNTY BROADCAST-ING, INC., et al., Appellees.**

**No. 7620.**

Court of Civil Appeals of Texas, Beaumont.

Nov. 27, 1974.

Robert C. Maley, Jr., Houston, for appellant.

W. C. McClain, Conroe, for appellees.

DIES, Chief Justice.

Appellant, KIKK, Inc., owns and operates radio stations located in Pasadena, Texas. Appellee, Family Group Enterprises, Inc., owns and operates a radio station in Conroe, Texas. The Federal Communications Commission, effective January 24, 1974, authorized a change in appellee's call letters KCMO to KIKR. Thereafter appellant sought injunctive relief in the District Court of Montgomery County alleging that through extensive advertising of the slogan "KIKKer" that this slogan had acquired a secondary meaning and had become identified in the mind of the public to

mean and signify the radio station KIKK. That change by appellee to KIKR would result in infringement of its "KIKKer" slogan in the public mind. The trial court disagreed and refused to issue a permanent injunction which brings this appeal by KIKK.

KIKK's first four points of error complain of the trial court's finding that KIKK had failed to prove that "KIKKer" had a secondary meaning. Points 5 and 6 complain of the court's finding that there was no evidence that appellant will suffer injury as a result of appellee's KIKR call letters and Points 7, 8, and 9 complain of excluded evidence. Point 10 complains that the admission of certain evidence was hearsay.

If there is some evidence of a substantial and probative character to support the trial court's findings of fact, they are controlling upon this court and will not be disturbed. Commercial Union Assurance Company v. Foster, 379 S.W.2d 320, 322 (Tex.1964). See also, Arrow Chemical Corporation v. Anderson, 386 S.W.2d 309, 312 (Tex.Civ.App.—Dallas 1965, writ ref'd n. r. e.) ; Vaughan v. Anderson, 495 S.W. 2d 327, 330 (Tex.Civ.App.—Texarkana 1973, no writ), and cases therein cited. In determining the matter, we must view the evidence in the light most favorable to the appellees, taking their evidence as true, and indulging every reasonable inference properly deducible therefrom in support of the verdict.

Appellant admits that it had the burden of showing three elements in order to sustain its cause of action:

1. That the plaintiff's (appellant's) extensive use of the slogan or theme "KIKKer" had acquired a secondary meaning so that such phrase identifies plaintiff's radio station KIKK;

2. That the similarity of defendant's call letters would be likely to confuse the public;

3. That as a result of such confusion the plaintiff would suffer irreparable harm. See Dixiepig Corporation v. Pig Stand Co., 31 S.W.2d 325 (Tex. Civ.App.—Dallas 1930 [cert. denied, 283 U.S. 831, 51 S.Ct. 364, 75 L.Ed. 1443 (1931)]) ; Harrelson v. Wright, 339 S.W.2d 712 (Tex.Civ. App.—Eastland 1960, writ ref'd) ; 55 Tex.Jur.2d Trademarks, Trade Names, etc. § 52 (1964).

■  We have carefully reviewed the record, and we find that appellant has failed to establish any of these elements as a matter of law.

It was incumbent upon plaintiff, if it was to succeed in this litigation, to prove that its use of the slogan "KIKKer" had acquired a secondary meaning. In Dixiepig Corporation v. Pig Stand Co., supra, the court said: "The true basis of secondary meaning may be said to be that the word or phrase to be given such meaning has been used so long and exclusively by one producer with reference to his articles that the word has come to mean that the article is his product." *Accord:* Pipe Linings, Inc. v. Inplace Linings, Inc., 349 S. W.2d 279, 282 (Tex.Civ.App.—Fort Worth 1961, writ ref'd n. r. e.) ; Douglas v. Taylor, 497 S.W.2d 308, 310 (Tex.Civ.App.— Houston [1st Dist.] 1973, no writ).

■  This presents an issue of fact for determination by the trier of the facts [Harrelson v. Wright, supra], and plaintiff's burden "is a substantial burden, that is, one that is to be emphatically discharged." Dixiepig Corporation, supra. Our examination of the record in this case leads us to the conclusion that the trial court's finding that such slogan had not acquired a secondary meaning is supported by evidence of probative force.

We do not feel the public will be confused by the Conroe call letters KIKR into believing it to be the Pasadena "KIKKer" station. The record shows that the

"KIKKer" slogan is only one of several used—and mainly on bumper stickers. Other bumper stickers declare "KIKK—up Truck." One witness, a past disc jockey at KIKK, had never heard the slogan "KIKKer" on the air. KIKR is not listed in the Houston telephone book or the yellow pages. There is testimony it cannot be heard in downtown Houston.

The testimony shows that appellee identifies its station as KIKR—Conroe (Kay-I-Kay-Are—Conroe). It does not use or intend to use phonetically "KICKer" however it is spelled. But, says appellant, visually it has promoted the slogan "KIKKer" as well as phonetically, and while "KIKR" is not so used phonetically (as "KICKer") —visually it would sound to the reader as appellant's "KIKKer" slogan.

To us, its position is tenuous and would push the law in this field to ridiculous extremes. Radio call letters are limited in number, and in this area of the United States all must begin with "K." The probability of anyone's confusing KIKR, Conroe (spelled out), with it being the "KIKKer," of Pasadena, is remote and inconsequential to "KIKKer's" economic position.

■ Plaintiff complains by several points of the admission of certain evidence over its objection and the exclusion of other testimony which it tendered. Since we have already determined that plaintiff failed to establish its right to prevail, on either of the three essential bases, evidentiary rulings as to one of such bases is immaterial and presents no error. Such points of error are overruled.

All points of error are overruled, and the judgment of the trial court is affirmed.