David W. GOLDSTON, Appellant,

v.

NATIONAL RESORT COMMUNITIES, INC., Appellee.

No. 8800.

Court of Civil Appeals of Texas, Texarkana.

Feb. 17, 1981.

Rehearing Denied March 24, 1981.

James W. George, Nobles, George & Belt, Austin, for appellant.

Barry Bishop, Clark, Thomas, Winters & Shapiro, Austin, for appellee.

BLEIL, Justice.

This is a suit to rescind a contract for the purchase of a lot on Lake Travis in Travis County, Texas, brought on the alternate grounds of misrepresentation and breach of contract. A trial before the court resulted in a judgment that David Goldston take nothing. This appeal has been perfected from that judgment.

Appellant Goldston assigns twenty-six points of error on appeal complaining of various findings of fact and conclusions of law as found by the trial court. In making findings of fact and conclusions of law, the trial court found that Goldston failed to prove his case by a preponderance of the evidence and that the case was barred by limitations, and therefore that Goldston should take nothing by his suit.

On November 29, 1970, Goldston contracted to purchase a lakeside lot from appellee, National Resort Communities, Inc. At the time of the purchase, Goldston was given a "Lago Vista Property Report" and decided to buy the lakeside lot designated "33-P". After a delay in the preparation of the paperwork to consummate this sale on Lot 33-P, Goldston and National Resort executed a contract for sale covering another lot and a transfer of equity agreement for the purpose of transferring Goldston's interest in that other lot to Lot 33-P when the desired lot became available for sale.

On November 29, 1970, National Resort provided Goldston with the Lago Vista Property Report which disclosed an overflow easement in favor of the Lower Colorado River Authority on any property below a 715 feet m.s.l. elevation and that the elevation range in Lago Vista was between 718 feet m.s.l. and 1,010 feet m.s.l.

Lot 33-P is in the Emerald Bend Subdivision and that property report shows that the elevation range of the lots in that subdivision are from 685-740 feet m.s.l. The easement is shown to apply to those lots below 715 feet.

Lot 33-P was formally transferred to Goldston on September 6, 1971. A letter was mailed to Dr. Goldston which enclosed

the Emerald Bend Property Report and a new contract for transfer for Emerald Bend. Although Goldston denied receiving the report and transfer contract, these documents are attached by Dr. Goldston's attorney as exhibits to Plaintiff's Second Amended Original Petition. Lot 33–P does in fact lie below the 715 foot line and therefore is subject to the easement. Goldston contends that he first learned that the flood control easement affected his property in November 1975, and that had he been told by the appellee that the property was below the 715 foot line, he never would have entered the purchase agreement.

National Resort indicated that it mailed an Emerald Bend Property Report to Goldston's attorney in May 1972, in response to correspondence from the attorney on behalf of his, "client, David Goldston." Goldston denied that the attorney was representing him on an attorney-client basis. He urged that the attorney was merely a friend who used Goldston's name as a reference to get information on the property for someone else who was interested in buying the lot.

The trial court found that Goldston had been given sufficient notice on the date of purchase and at the time of transfer. It further found that misrepresentation by National Resort Communities was not proven by a preponderance of the evidence and further that since no misrepresentation was found, there was no evidence to toll the running of the statute of limitations.

In his points of error, Goldston complains that because he proved fraud as a matter of law the trial court erred in failing to find that a preponderance of the evidence supported that he had been misled; that the trial court erred in finding that he had notice that the overflow easement would affect Lot 33–P; that the trial court erred in finding that he received the Emerald Bend Property Report and elevation information.

■ Generally, if there is some evidence of a substantial and probative nature to support the trial court's findings of fact, they are controlling and will not be disturbed on appeal. *Harris County Flood Control District v. Shell Pipe Line Corporation*, 591 S.W.2d 798 (Tex.1979); *Commercial Union Assurance Company v. Foster*, 379 S.W.2d 320 (Tex.1964); *Kikk, Inc. v. Montgomery County Broadcasting, Inc.*, 516 S.W.2d 494 (Tex.Civ.App.—Beaumont 1974, no writ). In our review of appellant's "no evidence" points we must view the evidence in the light most favorable to the appellee and indulge every reasonable inference deducible from the evidence in support of the findings of fact. There is some evidence to support the findings of fact.

■ Appellant's points of error also assert that the evidence is insufficient to support the fact findings of the trial court and that they are against the great weight and preponderance of the evidence. We have thoroughly considered and weighed all the evidence, including the evidence contrary to the trial court's judgment. *Harrison v. Chesshir*, 159 Tex. 359, 320 S.W.2d 814 (1959); *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1952). Our consideration of these points results in a conclusion that there is sufficient evidence to support the findings of the trial court and that they are not against the great weight and preponderance of the evidence.

■ Appellant Goldston urges that the trial court erred in failing to find either fraud or breach of contract on the part of National Resort Communities, Inc. and further complains that the court erred in failing to award appellant his stipulated reasonable attorney's fees. We have carefully reviewed the record and find that appellant has failed to establish his right to prevail as a matter of law on any basis. There was no evidence to indicate appellee was attempting to perpetrate fraud upon Goldston, but rather the evidence indicates that he knew the exact lot that he was purchasing, that such purchased interest would be transferred to Lot 33–P–1. Further, appellant had received full information and made personal inspection of the precise lot in question which he ultimately purchased.

The court also concluded that on the basis of its factual findings, the statute of limita-

tions barred the appellant from asserting his cause of action. Even if the trial court had found that National Resort did mislead appellant or conceal facts with respect to the property or easement, the trial court could have found knowledge of such facts by Appellant Goldston as would cause a reasonably prudent person to make inquiry which would lead to discovery of fraud so as not to toll the running of the limitations. *White v. Bond,* 362 S.W.2d 295 (Tex.1962); *Wise v. Anderson,* 163 Tex. 608, 359 S.W.2d 876 (1962).

This case presented issues for determination by the trier of the facts. Our examination of the record in the case leads us to the conclusion that the trial court's findings are supported by evidence of probative force.

All of the points of error are overruled and the judgment of the trial court is affirmed.