Bill DOUGLAS and Bill Douglas Shoe
Box, Inc., Appellants,

v.

O.H. WALKER and Dorothy
Walker, Appellees.

No. 09–85–002 CV.

Court of Appeals of Texas,
Beaumont.

April 10, 1986.

James A. Carmody, Houston, for appellants.

Gerald J. Creighton, Conroe, for appellees.

OPINION

DIES, Chief Justice.

Plaintiffs below, O.H. and Dorothy Walker, have, since 1965, operated a ladies shoe store in Conroe, Texas, under the name "Shoe Box", which is on file in the Assumed Name Records with the County Clerk. On or about August 1, 1983, defendants below opened a shoe store in Conroe (primarily merchandising children's shoes) under the name of Bill Douglas or Bill Douglas Shoe Box, Inc. Defendants operate several stores in the Houston area under that name. Plaintiffs brought suit alleging trade name infringement against defendant (the singular will be used herein for simplification) seeking a permanent injunction against defendant from using that name. After a trial to the court without a jury, a permanent injunction was granted from which defendant has perfected appeal to this Court.

The trial court made numerous findings of fact and conclusions of law which, inter alia, found: That plaintiffs' trade name "Shoe Box" "has acquired a secondary meaning in the locality of Conroe and Montgomery County...."; "Although in some places the name of Defendants' business is prefaced by the words, 'Bill Douglas', and although, in some places and for some purposes, the name, Bill Douglas Shoe Box, Inc., is used, the dominant and predominant words in the name of Defendant's business, as said name is used, displayed and advertised in Conroe and Montgomery County, Texas, is the name 'Shoe Box' "; that the names used by the two stores are confusing and misleading to the public, resulting in irreparable harm to plaintiffs; plaintiffs were the first users of the name "Shoe Box", which has acquired a secondary meaning in the locality in Conroe and Montgomery Counties.

If there is some evidence of a substantial and probative character to support the trial court's findings of fact, they are controlling upon this Court and will not be disturbed. In determining the matter, we

must view the evidence in the light most favorable to plaintiffs (appellees), taking their evidence as true, and indulging every reasonable inference properly deducible therefrom in support of the verdict. *KIKK, Inc. v. Montgomery County Broadcasting, Inc.*, 516 S.W.2d 494, 495 (Tex.Civ.App.—Beaumont 1974, no writ), and authorities cited therein.

We find that the evidence does support the trial court's findings that plaintiffs' extensive and long-time use of the trade name "Shoe Box" has acquired a secondary meaning[1] in the Conroe area, and that, as a result of such confusion in the names, plaintiffs would suffer irreparable harm.

In our record we have copies of several displays and advertisements of defendant. The words "Bill Douglas, Inc.", if not indistinguishable, are certainly insignificant, while "Shoe Box" is prominently displayed, and many times larger than the former.

There is much Texas law on this subject, some of which we set forth in support of this decision. In *Harrelson v. Wright*, 339 S.W.2d 712 (Tex.Civ.App.—Eastland 1960, writ ref'd), the appellate court affirmed the judgment of the trial court granting an injunction restraining the competitive use of the name "Abilene Linen Service Company" at the behest of plaintiffs known as "Abilene Linen Supply". In *J.C. Penney Company v. Walker*, 395 S.W.2d 76 (Tex.Civ.App.—Waco 1965, writ ref'd n.r.e.), involved was the use of the words "Auto Center" in the trade area of Corpus Christi. Plaintiff Dennis Walker used the name "Auto Center" in a general automotive and supply business. Some time later, J.C. Penney Company opened a "Penney's Auto Center". An injunction followed which was affirmed. *See also Hellyer v. Wig Imports, Inc. of the Southwest*, 458 S.W.2d 492 (Tex.Civ.App.—Eastland 1970, no writ).[2]

*Hellyer, supra,* teaches that even commonly used words of ordinary usage can acquire a secondary meaning. *See also Burge v. Dallas Retail Merchants' Ass'n*, 257 S.W.2d 733 (Tex.Civ.App.—Dallas 1953, no writ). And *Harrelson, supra,* teaches that geographical words ("Abilene"), and descriptive words ("Linen") may acquire a secondary meaning. *See also Miller v. Lone Star Tavern, Inc.*, 593 S.W.2d 341 (Tex.Civ.App.—Waco 1979, no writ).

We do not mean to suggest that a plaintiff's burden in such a case is light. That burden is set forth in *KIKK, supra.* In the main, however, it is a judgment call depending on the notion of what is fair and right. All of the defendant's points of error are overruled.

The judgment of the trial court granting injunctive relief is affirmed.

Affirmed.

---

1. *See Dixiepig Corp. v. Pig Stand Co.*, 31 S.W.2d 325 (Tex.Civ.App.—Dallas 1930), *cert denied*, 283 U.S. 831, 51 S.Ct. 364, 75 L.Ed. 1443 (1931), for a discussion and definition of "secondary meaning".

2. "Wig Imports", though common words, were held to have acquired a secondary meaning.