Cheshire,
No. 5725.

MICHAEL E. J. BLASTOS & a.
d.b.a. MR. PIZZA

*v.*

DANIEL HUMPHREY.

November 3, 1972.

*Edward J. O'Brien,* by brief and orally, for the plaintiffs.

*Howard B. Lane,* by brief and orally, for the defendant.

DUNCAN, J.  The plaintiffs, who are husband and wife, operate a restaurant on Main Street in Keene under the name of "Mr. Pizza", which they registered with the secretary of state in 1962. They sell pizzas and foods to be taken out from the same premises. In 1966 the defendant under the name of "Mr. Take Out" opened a takeout store on the opposite side of Main Street, from which he sold pizza and other products. The plaintiffs by bill in equity sought an injunction against use by the defendant of the word "Mister" and the abbreviation "Mr.", or "any words colorably similar to names or abbreviations used by the petitioners as a part of their trade name."

The Superior Court (*Grant,* J.) found that "confusion has arisen and is likely to arise in the future" from continued use by the defendant of "Mr. Take Out", and enjoined him

"from using the abbreviation 'Mr.' in conjunction with the words 'Take Out'" in the conduct of his business in Keene. The questions of law raised by the defendant's exceptions were reserved and transferred by the presiding justice.

RSA ch. 349 provides for the registration of trade names, and at pertinent times during this litigation RSA ch. 350 provided for the registration of trademarks. Each statute expressly provided that nothing contained therein should "adversely affect the rights or the enforcement of rights . . . acquired in good faith at any time at common law", in either trade names or trademarks, as the case might be. RSA 349:11; RSA 350:15. Since the decree herein was entered, RSA ch. 350 has been replaced by enactment of the Model State Trademark Act, effective September 1, 1969. RSA ch. 350-A(supp.). This likewise preserves common-law rights, in identical language. RSA 350-A:14(supp.).

The defendant cannot be held to have violated RSA ch. 349, by use of the trade name "Mr. Pizza" registered by the plaintiffs. However, the evidence disclosed that the plaintiffs' trade name was exhibited both over the door of their place of business and in their advertising with the capital M of "Mr.", and the capital P of "Pizza" in script, and the balance of the printing in block letters. The defendant, in the sign displayed over his place of business used script letters in the abbreviation "Mr.", and block letters in the words "Take Out". Additionally, the plaintiffs' sign bore a caricature of a man over the word "Pizza", while the defendant's sign bore a sketch of a man with a chef's cap, to the left of the abbreviation "Mr." and above the word "Pizza".

There was evidence of confusion on the part of the public concerning the source of the parties' products. The plaintiffs claimed that a secondary meaning or significance attached to their trade name by reason of its use over a period of five years in Keene, in part as a result of advertising in which a photograph of the plaintiff husband appeared in conjunction with the name "Mr. Pizza". *See* Trademarks, Tradenames, and Trade Practices, 52 Am Jur. *s.* 130 (1944); *Armstrong Paint and Varnish Words* v. *Nu-Enamel Corp.,* 305 U.S. 315, 83 L. Ed. 195, 59 S. Ct. 191 (1938).

It could reasonably be found upon the evidence that the

plaintiffs' trade name, by reason of its use for five years as a trade or service mark, had acquired a secondary meaning or significance in the eyes of the public sufficient to entitle it to protection. *Bogosian* v. *Fine,* 99 N.H. 340, 111 A.2d 190 (1955); *Nardini &c Co.* v. *Sterling,* 93 N.H. 364, 42 A.2d 325 (1945); *see* Developments in the Law — Trademarks and Unfair Competition, 68 Harv. L. Rev. 814, 823-24 (1955); RSA 350:9 (II), 12 and 17; *cf.* RSA 350-A:11(I)(supp.), 12(supp.).

Since the words "pizza" and "take out" are in common use upon restaurant signs, what served to distinguish the plaintiffs' place of business from other pizza and takeout shops was the use of the prefix "Mr." and the outline of a man. *Cf. Mr. Travel, Inc.* v. *VIP Travel Service Inc.,* 268 F. Supp. 958 (N.D. Ill. 1966). These salient features were adopted by the defendant. *Weiss* v. *Stork and Gift Shop,* 137 N.J. Eq. 475, 45 A.2d 688 (1946); 1 Nims, Unfair Competition and Trademarks *s.* 221(f) (4th ed. 1947).

The plaintiffs' right to an injunction depended upon their showing that substantial likelihood of confusion resulted from defendant's use. Restatement of Torts, *s.* 727, Comment *c; ss.* 728, 729 (1938); Prosser, Torts *s.* 130, at 957, 958 (4th ed. 1971). While there was evidence of actual confusion on the part of the public during the few weeks that the defendant's store had been in operation before hearing, the plaintiffs' rights were not solely dependent upon this proof. They were not required to stand by until actual confusion caused damage. Where an injunction is sought as is the case here, "the determinative factor . . . is not that purchasers have, in fact, been deceived, but that there is a reasonable likelihood thereof." 3 Callman, Unfair Competition, Trademarks and Monopolies *s.* 80.6 (3d ed. 1969); Developments in the Law-Trademarks and Unfair Competition, 68 Harv. L. Rev. 814, 862 (1955). The issue of confusing similarity is one of fact. Restatement of Torts, *s.* 728, Comment *a* (1938).

As in *Nardini &c Co.* v. *Sterling Co.,* 93 N.H. at 367, 42 A.2d at 327, the injunction issued by the trial court was a qualified one, prohibiting only use of "the abbreviation 'Mr.' in conjunction with the words 'Take Out' as presently used in the conduct of defendant's business conducted on Main

Street in Keene". We hold that the court's finding, that "certain confusion has arisen and is likely to arise in the future ... particularly as the defendant is currently using the abbreviation ... in a certain script identical with, or closely imitative of the 'Mr.' used by the plaintiffs .... ", is sustainable upon the evidence. Accordingly the limited injunction based thereon is likewise sustained.

*Exceptions overruled.*

GRIFFITH, J., did not sit; the others concurred.