**S.S. KRESGE COMPANY,**
**Plaintiff–Appellee,**

v.

**UNITED FACTORY OUTLET, INC., et al., Defendants–Appellants.**

**No. 80–1359.**

United States Court of Appeals,
First Circuit.

Argued Sept. 12, 1980.

Announced Oct. 31, 1980.

See also 598 F.2d 694.

* Of the District of Massachusetts, sitting by designation.

Burton Chandler, Worcester, Mass., with whom Meredith Peterson Tufts, and Seder & Seder, Worcester, Mass., were on brief, for defendants–appellants.

Richard E. Alexander, Chicago, Ill., with whom Richard W. Renner, Chicago, Ill., was on brief, for plaintiff, appellee.

Before CAMPBELL and BOWNES, Circuit Judges, NELSON,* District Judge.

BOWNES, Circuit Judge.

This appeal from the granting of a motion for summary judgment involves essentially one issue: whether defendants–appellants, United Factory Outlet, Inc., et al., should have been given an opportunity to prove that their use of the words "The Mart" in Worcester County, Massachusetts, had acquired a secondary meaning.

In a prior opinion, *S.S. Kresge Co. v. United Factory Outlet, Inc.*, 598 F.2d 694 (1st Cir. 1979), we affirmed the order of the district court denying appellants' request for a preliminary injunction prohibiting appellee from using the word "mart" in any form of advertising in Worcester County, Massachusetts. We ruled that "mart" was a generic term "commonly used as a substitute for store or market" and that the words "The Mart" were not a valid trade name. *Id.* at 696. We also indicated that appellants were not entitled to protection under the law of unfair competition. *Id.* at 697. In addition, we rejected appellants' argument that they were entitled to protection under the Massachusetts anti–dilution statute, Mass.Gen.Laws Ann. ch. 110B, § 12. *Id.* For the reasons stated in our prior opinion, those views are now reaffirmed.

As the legal basis for an evidentiary hearing, appellants urge us to adopt a rule that a generic term used generically can acquire a secondary meaning in a limited geographical area. No case is cited for this proposition, and appellants admit that they have found none so holding. Appellants' only footing for an evidentiary hearing is language we used in our earlier decision, language we used recently in *Keebler Co. v.*

2

*Rovira Biscuit Corp.*, 624 F.2d 366 (1st Cir., 1980), and an unreported Massachusetts case, *United Factory Outlet, Inc. v. Jay's Store, Inc., et al.*, No. 595 (Worcester Superior Ct. March 31, 1966).

The language in the prior case that appellants would use to open the door for a factual determination of whether "The Mart" had acquired a secondary meaning is:

> This doctrine of secondary meaning, however, has *rarely* been extended to a generic term used generically.... Secondary meaning does not *usually* attach to the words "The Mart" any more than to the words "The Market" or "The Store," although when "mart" is used in conjunction with other words or symbols it may become descriptive and may acquire a secondary meaning.

*S.S. Kresge Co. v. United Factory Outlet, Inc.*, 598 F.2d at 696–97 (emphasis added). Considering the general reluctance of appellate courts to deal in absolutes, we do not think that our cautionary use of the words "rarely" and "not usually" is an "open sesame" to a hearing on secondary meaning.

Nor does the language in *Keebler* open the door to an evidentiary hearing:

> No amount of purported proof that a generic term has acquired a secondary meaning associating it with a particular producer can transform that term into a registrable trademark. *Miller Brewing Co. v. G. Heileman Brewing Co.*, 561 F.2d 75, 79 (7th Cir. 1977), *cert. denied*, 434 U.S. 1025, 98 S.Ct. 751, 54 L.Ed.2d 772 (1978); *Abercrombie & Fitch Co. v. Hunting World, Inc., supra*, 537 F.2d [4] at 9 [2nd Cir.] Similarly, at common law terms that are generic are normally not subject to appropriation as trademarks, *see Kellogg Co. v. National Biscuit Co.*, 305 U.S. 111, 116, 59 S.Ct. 109, 112, 83 L.Ed. 73 (1938); *Delaware & Hudson Canal Co. v. Clark*, 80 U.S. (13 Wall.) 311, 323, 20 L.Ed. 581 (1872); *S.S. Kresge Co. v. United Factory Outlet, Inc.*, 598 F.2d

694, 696 (1st Cir. 1979), *although a strong showing of secondary meaning may be sufficient to grant a right to exclusive use, see American Aloe Corp. v. Aloe Creme Laboratories, Inc.*, 420 F.2d 1248 (7th Cir.), *cert. denied*, 398 U.S. 929, 90 S.Ct. 1820, 26 L.Ed.2d 91 (1970).

*Keebler Co. v. Rovira Biscuit Corp., supra*, at 374–375 (emphasis added). *Keebler* itself focused on a term whose generic traits had evolved in connection with its use as a label for a particular product. Moreover, in most of the cited cases involving the use of generic terms, the term was used in conjunction with one or more individualized or descriptive words. *See Keebler Co. v. Rovira Biscuit Corp.*, at 374. Here, appellants seek protection for the generic word alone.

Although we intend no disrespect towards the Massachusetts Superior Court, we feel that the unreported case upholding appellants' right to exclusive use of the words "The Mart" in Worcester County is too isolated from the main stream of authority to have any precedential value.

In addition to lack of any firm legal base, appellants' argument also runs counter to long accepted competitive practice. If we accept the thesis that a generic term used generically can acquire secondary meaning in a limited geographical area, then the proprietor of a neighborhood grocery or drugstore who uses the words "The Store" as a descriptive name could prevent a new competitor from using that word as part of the name of his store if it could be shown that the people in the vicinity referred to the first establishment as "The Store," which is not unlikely in a small community.

We rule that when a generic term is used generically without any other descriptive or identifying words, it cannot acquire either common law trade name protection or exclusive use protection through secondary meaning.[1]

*Affirmed.*

1. In *Food Fair Stores v. Food Fair*, 177 F.2d 177, 185 (1st Cir. 1949), we held, without explicating the reasons, that generic terms used in combination can acquire a secondary trade name meaning. That case is limited to its specific holding.