AUTO BODY SPECIALISTS, INC.

v.

DENNIS VALLEE d/b/a VALLEE'S AUTO BODY SPECIALISTS

October 30, 1985

*Wadleigh, Starr, Peters, Dunn & Chiesa,* of Manchester (*Jeffrey H. Karlin* on the brief, and *Theodore Wadleigh* orally), for the plaintiff.

*Craig, Wenners & McDowell P.A.,* of Manchester (*Joseph F. McDowell, III,* and *James W. Craig* on the brief, and *Mr. Craig* orally), for the defendant.

SOUTER, J. The defendant appeals an order of the Superior Court (*Wyman,* J.) enjoining the use of "auto body specialists" as a part of his trade name. We affirm.

Since 1972, the plaintiff has operated an auto body repair business in Manchester under the registered corporate name of "Auto Body Specialists, Inc." *See* RSA 293-A:10 (Supp. 1983). In May, 1983, the

defendant began to make and repair auto bodies in Manchester, about two miles from the plaintiff's garage, under the name of "Vallee's Auto Body Specialists." At about the same time he registered that name with the Secretary of State as a trade name under RSA 349:1, :5, and in December, 1983, he registered the name as a trademark under RSA 350-A:3.

In the meantime Michael Doerfler, the plaintiff's president, general manager and sole stockholder, had become aware of his new competitor and objected to the defendant's use of "auto body specialists." When the defendant refused to change or modify the name under which he operated, the plaintiff brought the present petition for an injunction against infringement of a protected interest in the quoted phrase. Following trial, the superior court enjoined the defendant's use of "auto body specialists" in his business name "within a radius of 25 miles from the City of Manchester," although the court's order provided that the defendant could advertise that "his talents include expertise as an auto body specialist in the singular."

In this appeal the defendant asserts that the trial court erred in finding that "auto body specialists" could acquire or had acquired a secondary meaning, which is necessary to give the plaintiff a protectable interest in its use. The defendant claims further that even if such secondary meaning existed, the trial court's award of injunctive relief was improper.

In pressing his first assignment of error, the defendant points out that "auto body specialists" is a phrase containing generic and descriptive terms. Generic terms are words that "embrace an entire class of products or services, not all of which necessarily emanate from the same source." 3 R. CALLMANN, THE LAW OF UNFAIR COMPETITION, TRADEMARKS AND MONOPOLIES § 18.03, at 7 (4th ed. 1985). Descriptive terms are words that "refer to any feature of the product or service—its peculiarities, appearance, fragrance, character or quality, its effect or purpose, or the manner of its use and which, as a consequence, might not be considered by the public as indicia of identification." *Id.* (footnote omitted). In the phrase "auto body specialists," "auto body" is a generic phrase, and "specialists" a descriptive term. The defendant submits that these words cannot acquire secondary meaning and hence that "auto body specialists" is not a protectable trade name.

The defendant is mistaken. "[S]ome courts [have, to be sure, adopted] the ill-considered view that generic (or even some descriptive) terms are *inherently* incapable of *ever* becoming secondary meaning marks. But the better view is that secondary meaning is

purely a question of fact to be decided independently in each case." *Id.* § 19.27, at 89 (emphasis in original). The better view prevails, and the denial of "tradename protection to all words of descriptive quality [is] a judicial option long foreclosed under common law precepts." *President & Trustees of Colby Col. v. Colby Col.—N.H.*, 508 F.2d 804, 812 (1st Cir. 1975) (citation omitted).

■ Accordingly, words or phrases may enter commerce as merely generic or descriptive, but commerical usage can invest them with a secondary meaning associating them with a given business, so as to entitle that business to protect the association. 3 R. CALLMANN, *supra* § 18.03; *see Blastos v. Humphrey*, 112 N.H. 352, 353–54, 296 A.2d 918, 920 (1972). Courts have frequently afforded protection to generic or descriptive terms that have acquired secondary meaning within the automobile repair industry. *See, e.g., Boice v. Stevenson*, 66 Ariz. 308, 187 P.2d 648 (1947) ("Motor Supply"); *Skinner v. Martin*, 109 U.S.P.Q. (BNA) 156 (Cal. Super. Ct. 1956) ("Four Wheel Brake Service"); *J.C. Penney Co. v. Walker*, 395 S.W.2d 76 (Tex. Civ. App. 1965) ("Auto Center"). Indeed, the defendant would be hard pressed to deny that the phrase in question could acquire secondary significance, since he obviously thought it worthwhile to register the phrase both as a trade name and as a trademark. *See* 3 R. CALLMANN, *supra* § 18.03, at 7.

■ Having concluded that a generic or descriptive phrase such as "auto body specialists" may acquire secondary meaning and hence merit protection, we next consider the defendant's contention that the plaintiff failed to establish a secondary meaning in this case. On this issue, certain evidentiary facts can be especially significant: long and exclusive use of the phrase, prominence of the original user's enterprise, use of the phrase in substantial publicity, and direct evidence that individuals associate the phrase with the original user. *See President & Trustees of Colby Col. v. Colby Col.—N.H., supra* at 807–08. The record before us discloses adequate evidence on each of these points to support the trial court's finding of a protectable secondary meaning.

■ Mr. Doerfler testified that he had done business under the corporate name of "Auto Body Specialists, Inc." continuously for over ten years. When he started the business, no competing firm used the name or phrase, and the record discloses no evidence that any competitor had used the phrase in its name before the defendant began to do so. The plaintiff had engaged in substantial advertising, using the yellow pages, newspapers, the radio and a variety of promotional objects such as pens and key rings. Mr. Doerfler testified

that his business had participated in community projects to raise funds for charitable organizations and sponsored local athletic events. There was evidence that at the time of trial the plaintiff serviced between 300 and 500 customers a year, with an annual gross income of $225,000 to $250,000. Two witnesses testified that they associated the plaintiff's business with the words in question, as an accurate indication of the high quality of the plaintiff's work. This evidence unquestionably supports the trial court's finding that the phrase had acquired a secondary meaning subject to protection.

The defendant asserts, finally, that it was error to enjoin his use of the phrase. We approach this issue from the vantage point of settled law governing the standard for the issuance of injunctions in such cases.

> "The [plaintiff's] right to an injunction depended upon [a] showing that substantial likelihood of confusion resulted from defendant's use. Restatement of Torts, s. 727, Comment c; ss. 728, 729 (1938); Prosser, Torts s. 130, at 957, 958 (4th ed. 1971). . . . [The plaintiff was] not required to stand by until actual confusion caused damage. Where an injunction is sought as is the case here, 'the determinative factor . . . is not that purchasers have, in fact, been deceived, but that there is a reasonable likelihood thereof.' 3 Callman [sic], Unfair Competition, Trademarks and Monopolies s. 80.6 (3d ed. 1969); Developments in the Law-Trademarks and Unfair Competition, 68 Harv. L. Rev. 814, 862 (1955). The issue of confusing similarity is one of fact. Restatement of Torts, s. 728, Comment a (1938)."

*Blastos v. Humphrey*, 112 N.H. at 354, 296 A.2d at 920. *See* RSA 350-A:12.

The record contains adequate evidence to support the trial court's finding that the defendant's use of the phrase would probably confuse him with the plaintiff in the public's mind. While there was testimony that two deliverymen actually had confused the two businesses, these indications of actual confusion are not the strongest evidence supporting the plaintiff. More important is the facial similarity of the two names. *See President & Trustees of Colby Col. v. Colby Col.*—N.H., 508 F.2d at 810. The defendant emphasized this similarity by printing "auto body specialists" on signs and business cards in the same style of lettering that the plaintiff used on its building, while displaying "Vallee's" in distinctly different lettering on a line above the principal phrase. Since the parties are in the

same business, in the same geographical area, and use the same media of advertising to attract the same customers, the likelihood of confusion was clearly substantial. The injunction was proper.

Finally, we should note that the defendant has remarked upon the trial court's expressed predisposition to find that the facial similarity between the two names at issue was alone sufficient to warrant a finding that confusion was likely. The plaintiff has suggested that this predisposition vitiated the court's finding in this regard. There are two answers to this suggestion. The first is that the evidence amply supports the court's finding, whatever the judge's preliminary sentiments may have been. The second is that the issue of the trial judge's state of mind is not properly before us, because the defendant failed to raise the matter at trial. We will not consider issues raised on appeal that were not presented in the trial court. *Daboul v. Town of Hampton*, 124 N.H. 307, 309, 471 A.2d 1148, 1149 (1983). We do not, therefore, question the propriety of the injunction.

*Affirmed.*

JOHNSON, J., did not sit; the others concurred.