(827 P.2d 1209)

No. 66,652

LAWRENCE M. HARP, d/b/a Furniture Mart, *Appellee,* v. THE APPLIANCE MART, INCORPORATED, *Appellant.*

Opinion filed March 13, 1992.

*Jerry L. Soldner,* of Garden City, for the appellant.

*Tammie E. Kurth,* of Neubauer, Sharp, McQueen, Dreiling & Morain, P.A., of Liberal, for the appellee.

Before ELLIOTT, P.J., DAVIS, J., and HERBERT W. WALTON, District Judge, assigned.

DAVIS, J.: Defendant The Appliance Mart, Incorporated, (Appliance Mart) appeals from an order enjoining its use of the business name "The Appliance and Furniture Mart." Plaintiff Lawrence M. Harp, d/b/a "The Furniture Mart," cross-appeals, contending that even though the court properly enjoined the use of the name, it nevertheless erred in denying Harp's request for relief under the common-law theory of unfair competition. We affirm and remand with directions.

Harp owns and operates a retail home furniture business in Liberal, Kansas, under the name "The Furniture Mart." He has operated with that name at that location since 1961. The name "The Furniture Mart" is registered to Harp as a service mark under the provisions of K.S.A. 81-114. Furniture Mart's trade area consists of an area within a 60-mile radius of Liberal, Kansas.

Appliance Mart began operations as a retail appliance and electronics store in Garden City in 1975. Appliance Mart expanded its business and opened another store in Dodge City. Garden City is approximately 60 miles north of Liberal and Dodge City is approximately 80 miles northeast of Liberal.

In 1985, Appliance Mart began selling furniture and changed its name to "The Appliance and Furniture Mart." In September 1989, Appliance Mart opened a store in Liberal, Kansas, under the name "The Appliance and Furniture Mart."

Harp filed suit seeking to enjoin Appliance Mart from the continued use of the name "The Appliance and Furniture Mart." He contended that use of the name "The Appliance and Furniture Mart" was an infringement upon his registered service mark and constituted unfair competition.

The trial court agreed and enjoined Appliance Mart's use of the name "The Appliance and Furniture Mart" in its Liberal, Kansas, store because its use violated plaintiff's registered service mark under K.S.A. 81-122. The court denied relief under the common-law theory of unfair competition.

Appliance Mart appeals; Harp cross-appeals from the trial court's denial of relief under the common-law theory of unfair

competition. Thus, we examine the question from both the statutory as well as the common-law perspective.

### Statutory Perspective

K.S.A. 81-111 *et seq.* concerning trademarks was enacted in 1951. L. 1951, ch. 525, §§ 1-15. The purpose of t he Act was "to provide for the registration and protection of trademarks and to provide certain remedies." L. 1951, ch. 525. In 1963, the Act was expanded to include service marks. L. 1963, ch. 510, §§ 1-15. The Act now provides for the registration and protection of trademarks and service marks and provides remedies for the infringement of a registered trademark or service mark. K.S.A. 81-111 *et seq.*

Appliance Mart argues that the business name "The Furniture Mart" is not protected by statute because the name is merely descriptive of the goods sold by it. It contends that even though K.S.A. 81-112 does not define the term "merely descriptive," the intent is that generic words such as "furniture" and "mart," words which merely describe a general class of common things, not be given the protected status of exclusive use; but rather, such ordinary words be left available to all persons for their everyday usage.

We have examined the statute and find that it provides no basis for granting an injunction. Provisions of the Act specifically exclude from protection words which are merely descriptive.

"A mark by which the goods or services of any applicant for registration may be distinguished from the goods or services of others shall not be registered if it consists of a mark which, when applied to the goods or services of the applicant, is merely descriptive . . . of them." K.S.A. 81-112(e)(1).

A person is subject to liability under the Act for infringement of a mark only if the mark is registered under the Act. K.S.A. 81-121(a). The words used in this case, "The Furniture Mart" are merely descriptive and therefore are not entitled to protection under the provisions of Chapter 81.

Kansas law is patterned after the federal law. The federal law, however, contains a secondary significance protection provision. The federal law provides:

"No trade-mark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—
(e) Consists of a mark which, (1) when used on or in connection with the goods of the applicant is merely descriptive . . . of them." 15 U.S.C. § 1052(e)(1) (1988).
"(f) Except as expressly excluded in paragraphs (a), (b), (c), and (d) of this section, nothing in this chapter shall prevent the registration of a mark used by the applicant which has become distinctive of the applicant's goods in commerce. The Commissioner may accept as prima facie evidence that the mark has become distinctive, as used on or in connection with the applicant's goods in commerce, proof of substantially exclusive and continuous use thereof as a mark by the applicant in commerce for the five years before the date on which the claim of distinctiveness is made." 15 U.S.C. § 1052(f).

When Kansas enacted its law, it chose not to include that portion of the federal law granting protection to a mark that has become distinctive based on continuous use for five years. At the same time, the Kansas Act specifically notes that those remedies available at common law are not affected by the enactment and they remain. "Nothing herein shall adversely affect the rights or the enforcement of rights in marks acquired in good faith at anytime at common law." K.S.A. 81-123.

The court grounded the injunction upon K.S.A. 81-112(e). Its action may not stand because the words for which protection was granted are merely descriptive and not entitled to protection under Chapter 81. Unless the words are entitled to protection under the common-law doctrine of unfair competition, the decision of the trial court must be reversed. If, however, under the theory of unfair competition the plaintiff is entitled to protection, then the decision of the trial court may be affirmed even though the trial court granted the relief for the wrong reason. *Prairie State Bank v. Hoefgen*, 245 Kan. 236, 245, 777 P.2d 811 (1989).

## Common-Law Perspective

The doctrine of secondary meaning in the law of unfair competition is best described as follows:

"Words or symbols used in connection with one's goods, services, or business, or the physical attributes of one's goods, which, for some reason or other, are not capable of exclusive appropriation as a technical trademark, may nevertheless be protected against simulation when they have acquired

a secondary meaning, differing from their primary meaning, that is, when they have become associated in the mind of the public as identifying the source or origin of the goods, rather than the goods themselves." Annot., 150 A.L.R. 1067, 1071-72.

At common law, injunctive relief has been granted under the theory of unfair competition where merely descriptive words are used in the name of the business. This relief is generally granted upon the finding that the words have acquired a secondary significance over a period of time, enabling the party to acquire a proprietary interest subject to protection. The reason for such relief is the unfairness of allowing a competitor to capitalize upon the use of a similar name and, through confusion, entice the public to do business with an entity it believes to be the injured party. See *American Fence Co. v. Gestes,* 190 Kan. 393, 375 P.2d 775 (1962).

In *American Fence Co.,* the All-American Fence Company was attempting to compete with the American Fence Company in the same general trade area. In granting injunctive relief to American Fence Company, the court noted that the use of the name "All-American Fence Company" in the same trade area was likely to cause confusion, deceive the public, and substantially prejudice the rights of the American Fence Company.

Appliance Mart argues that descriptive terms under the common law are entitled to no protection, citing *S.S. Kresge Co. v. United Factory Outlet, Inc.,* 634 F.2d 1 (1st Cir. 1980) (*Kresge II*). Appliance Mart's reliance on *Kresge II* is misplaced. In *S.S. Kresge Co. v. United Factory Outlet, Inc.,* 598 F.2d 694 (1st Cir. 1979) (*Kresge I*), the appellate court affirmed the order of the district court denying a request by United Factory, d/b/a The Mart, for a preliminary injunction prohibiting Kresge, d/b/a K-Mart, from using the word "mart" in its advertising in Worcester County, Massachusetts. 634 F.2d 1. The *Kresge I* court held that "mart" was "a generic term 'commonly used as a substitute for store or market.'" 634 F.2d 1. The *Kresge I* court further held that the words "The Mart" were not a valid trade name protected by trade name registration and were not entitled to protection under the law of unfair competition. 634 F.2d 1.

In *Kresge II,* the issue was whether United Factory should have been given an opportunity to prove that its use of the words

"The Mart" in Worcester County, Massachusetts, had acquired a secondary meaning. 634 F.2d 1. The *Kresge II* court held that "when a generic term is used generically *without any other descriptive or identifying words,* it cannot acquire either common-law trade name protection or exclusive use protection through secondary meaning." (Emphasis added.) 634 F.2d at 2. The point is that "The Mart" by itself was not protected, but "Mart" used in conjunction with a descriptive word could acquire protection through secondary meaning.

In *Auto Body Specialists v. Vallee,* 127 N.H. 382, 500 A.2d 372 (1985), the New Hampshire Supreme Court, responding to an argument that merely descriptive words cannot acquire a secondary meaning and hence have no protection as a trade name, states:

"Accordingly, words or phrases may enter commerce as merely generic or descriptive, but commercial usage can invest them with a secondary meaning associating them with a given business, so as to entitle that business to protect the association. [Citation omitted]. Courts have frequently afforded protection to generic or descriptive terms that have acquired secondary meaning within the automobile repair industry. [Citations omitted.]" 127 N.H. at 384.

See *Planned Parenthood Federation of America, Inc. v. Problem Pregnancy of Worcester, Inc.,* 398 Mass. 480, 485, 498 N.E.2d 1044 (1986); *Conti v. Anthony's Shear Perfection, Inc.,* 350 Pa. Super. 606, 613, 504 A.2d 1316 (1986).

*Conti* defines secondary meaning as follows: " 'The term "secondary meaning" encompasses the situation where people in the trade or purchasing public come to think of a word or name as standing for the business of a particular owner.' " 350 Pa. Super at 613.

The plaintiff claims that by his use of the name since 1961, he has acquired secondary significance in the name "The Furniture Mart" and is entitled to protection from unfair competition. When words that one is seeking to protect are merely descriptive, the law requires that there be a strong showing of secondary significance. *S.S. Kresge Co. v. United Factory Outlet, Inc.,* 598 F.2d at 696; *American Aloe Corp. v. Aloe Creme Laboratories, Inc.,* 420 F.2d 1248 (7th Cir.), *cert. denied* 398 U.S. 929 (1970).

· The trial court's findings of fact indicate that plaintiff has continuously owned and operated his store under the name "The Furniture Mart" in Liberal, Kansas, since 1961. Plaintiff has spent a great deal of time and money over the years building a good reputation for his business in the Liberal trade area. According to the plaintiff, Furniture Mart was generally well known and accepted in the trade area. The name "The Furniture Mart" has become associated with the store and its services rather than with the furniture itself.

Plaintiff testified that the defendant's customers had called the plaintiff's store concerning merchandise and repairs. Plaintiff's store received payments from defendant's customers for merchandise purchased from the defendant. Plaintiff's store also received bills for repair work done on defendant's delivery truck and received merchandise not ordered by plaintiff. Plaintiff further testified that there was no confusion by customers or suppliers before the defendant opened his store in Liberal and began advertising in the local media.

In granting Furniture Mart relief, the trial court concluded:

"It is the Court's opinion that under the evidence presented, the Defendant's mark can only be said to be a colorable imitation if it would deceive ordinary people and is likely to cause ordinary people to confuse or mistake Defendant's name with that of the Plaintiff. It is the Court's further opinion that the evidence presented clearly established that many people within the Liberal Trade area have been so confused or deceived."

The question of whether a name has acquired secondary significance is a question of fact. See *Army Nat'l Bank v. Equity Developers, Inc.*, 245 Kan. 3, 19, 774 P.2d 919 (1989). Although the defendant attempted to show that the misdirected telephone calls and mail could have occurred other than by confusion of the public, there is substantial competent evidence to support the trial court's finding that people in the Liberal trade area confused the defendant's name. We conclude that the evidence offered before the trial court establishes that the plaintiff acquired a secondary significance in his use of the name "The Furniture Mart," and that the name is entitled to protection in the Liberal, Kansas, trade area under the common-law theory of unfair competition.

We disagree with the trial court's conclusion that the name "The Furniture Mart" is entitled to statutory protection under Kansas law. However, we conclude that the name "The Furniture Mart" is entitled to protection under the common-law theory of unfair competition based upon the evidence that the name acquired a secondary significance over the years. We therefore affirm the decision and remand with directions for the court to enter relief under the common-law theory of unfair competition in accord with this opinion.

Affirmed and remanded with directions.